Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

————

Argued October 31, 2003   Decided January 30, 2004

No. 02-5306

ADAM J. CIRALSKY,
APPELLANT

v.

CENTRAL INTELLIGENCE AGENCY, ET AL.,
APPELLEES

————

Appeal from the United States District Court
for the District of Columbia
(No. 00cv01709)

————

*David H. Shapiro* argued the cause for appellant. With him on the briefs were *Edward Tolchin* and *Janine M. Brookner*.

*Ara B. Gershengorn*, Attorney, U.S. Department of Justice, argued the cause for appellees. With her on the brief were *Peter D. Keisler*, Assistant Attorney General, *Roscoe C. How-*

————

Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

*ard, Jr.*, U.S. Attorney, and *Freddi Lipstein*, Senior Counsel, U.S. Department of Justice.

Before: GINSBURG, *Chief Judge*, GARLAND, *Circuit Judge*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the court filed by *Circuit Judge* GARLAND.

GARLAND, *Circuit Judge*: Adam J. Ciralsky appeals from the district court's dismissals without prejudice of both his complaint and his lawsuit against his former employer, the Central Intelligence Agency. The court ordered the dismissals on the ground that the complaint did not contain "a short and plain statement of the claim," as required by Federal Rule of Civil Procedure 8(a)(2). Ciralsky also challenges the district court's denial of his subsequent motions under Rules 59(e) and 15(a) to alter the court's judgment and to amend his complaint. He argues that, due to a statute of limitations problem, the dismissals without prejudice effectively amounted to dismissals with prejudice. Although we do not find that the district court abused its discretion, we remand to permit that court to decide whether, in light of the limitations problem, the plaintiff should be given another opportunity to amend his complaint.

I

On December 13, 1999, Ciralsky was terminated from his job as a lawyer for the Central Intelligence Agency (CIA). On July 19, 2000, Ciralsky filed suit against the CIA, the Federal Bureau of Investigation, and nine of their employees and agents, alleging that he had been "interrogated, harassed, surveilled and terminated from his employment with the CIA solely because he is a Jew and practices the Jewish religion." Compl. at 3. The complaint alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2 *et seq.* (Title VII); the Privacy Act, 5 U.S.C. § 552a; the Freedom of Information Act, 5 U.S.C. § 552; the Foreign Intelligence Surveillance Act, 50 U.S.C. § 1801 *et seq.*; 42 U.S.C. §§ 1985, 1986; the First, Fourth, and Fifth Amendments to the Constitution; and the common law of contract.

Ciralsky's initial complaint was 119 pages long and contained 367 numbered paragraphs. On August 21, 2000, the defendants moved to strike the complaint under Federal Rule of Civil Procedure 8(a) because it did not contain "a short and plain statement of the claim." FED. R. CIV. P. 8(a)(2). The district court granted the defendants' motion on February 27, 2001, finding that the complaint was "filled with a mass of details, most of which are not required to provide the defendants with adequate notice of the plaintiff's claims." *Ciralsky v. CIA*, Mem. & Order at 5 (D.D.C. Feb. 27, 2001) [hereinafter Feb. 2001 Mem. & Order]. The court ordered the plaintiff to "eliminate[ ]" the "excess," and gave him leave to file, within 21 days, an amended complaint "that complies with Rule 8(a)(2)." *Id.* at 8–9.

Ciralsky timely complied with the district court's order, filing his first amended complaint on March 20, 2001. The amended complaint was 61 pages long and contained 105 paragraphs. On April 2, 2001, the defendants moved to dismiss the action with prejudice, again for failure to comply with Rule 8(a), arguing that "the amended complaint is largely the same as the initial complaint, except for formatting changes and one substantial deletion." Defs.' Mot. to Dismiss at 2.

On December 28, 2001, the district court found that the "plaintiff's amended complaint still fatally suffers from an excess of unnecessary evidentiary detail." *Ciralsky v. CIA*, Mem. Op. at 1 (D.D.C. Dec. 28, 2001) [hereinafter Dec. 2001 Mem. Op.]. It ordered that the amended complaint be dismissed and further granted the defendants' motion to dismiss the action. *Ciralsky v. CIA*, Order at 1 (D.D.C. Dec. 28, 2001) [hereinafter Dec. 2001 Order]. Although the court denied the defendants' request that the dismissal be "with prejudice," it warned Ciralsky "that should he re-file his complaint in a form that still does not comply with Rule 8, my next dismissal will be with prejudice." Dec. 2001 Mem. Op. at 8.

In January 2002, Ciralsky moved to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), and for leave to file a second amended complaint pursuant to

Rule 15(a). As grounds for the motion to alter the judgment, Ciralsky contended that he "may be unfairly prejudiced if he is not allowed to file a second amended complaint as the statute of limitations may be deemed to have run on some of his claims if he is not allowed to proceed." Pl.'s Mot. to Alter or Amend J. at 1. At the same time, Ciralsky attached a 28–page second amended complaint and moved for leave to file it pursuant to Rule 15(a).

On August 30, 2002, the district court denied Ciralsky's motion to alter or amend the judgment, finding no manifest injustice. The court explained that Ciralsky had offered "no substantiation, detail or supporting citations" for his concerns about the statute of limitations. *Ciralsky v. CIA*, Mem. Op. & Order at 3 (D.D.C. Aug. 30, 2002) [hereinafter Aug. 2002 Mem. Op. & Order]. Moreover, the court noted that Ciralsky had never previously alerted it to a possible time bar nor "indicated any desire to amend the complaint before this case was dismissed." *Id.* at 3–4. The court stated that "[m]anifest injustice does not exist where, as here, a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered." *Id.* at 4. Having denied the Rule 59(e) motion to alter the judgment, the district court denied the plaintiff's Rule 15(a) motion to file an amended complaint as moot. *Id.*

## II

We begin with a question of appellate jurisdiction. This court has jurisdiction over appeals from final decisions of the district courts. 28 U.S.C. § 1291. The government's brief states that "it is not clear" whether we have jurisdiction to review the district court's December 2001 decision granting the defendants' motion to dismiss. Appellees' Br. at 1. That uncertainty, the government says, arises from the court's statement that the dismissal was "without prejudice," notwithstanding that the court also denominated its decision as a "final appealable order." Dec. 2001 Order.

The dismissal with prejudice of either a complaint or an action is final and appealable. *See, e.g.*, *Heffernan v. Hunter*,

189 F.3d 405, 408 (3d Cir. 1999); *Karim-Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 623 (9th Cir. 1988). However, courts often regard the dismissal without prejudice of a *complaint* as "not final, and thus not appealable under 28 U.S.C. § 1291, because the plaintiff is free to amend his pleading and continue the litigation." *Hoskins v. Poelstra,* 320 F.3d 761, 763 (7th Cir. 2003); *see also WMX Tech., Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir. 1997); 19 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE § 201.14 (3d ed. 2003) [hereinafter MOORE'S].[1] The dismissal without prejudice of an *action* (or "case"), by contrast, is a different matter. As the Supreme Court said in *United States v. Wallace & Tiernan Co.*: "That the dismissal was without prejudice to filing another suit does not make the cause unappealable, for denial of relief and dismissal of the case ended this suit as far as the

---

[1] The circuits have adopted a number of exceptions to the general rule that complaints that are dismissed without prejudice are not appealable. *See, e.g.*, *De'Lonta v. Angelone*, 330 F.3d 630, 633 n.3 (4th Cir. 2003) (holding that, although dismissal of a complaint "without prejudice is not normally appealable," it is appealable when "the grounds provided by the district court for dismissal clearly indicate that no amendment of the complaint could cure the defects in the plaintiff's case") (internal quotation marks omitted); *Welch v. Folsom*, 925 F.2d 666, 668 (3d Cir. 1991) ("In general, . . . orders dismissing complaints without prejudice are not final within the meaning of Section 1291 because the plaintiff may cure the deficiency and refile the complaint. . . . If the plaintiff cannot cure the defect . . . or elects to stand on the dismissed complaint, however, . . . the order of dismissal is final and appealable."); *see generally* 19 MOORE'S § 202.11[1][a]. Perhaps the most significant exception, which might well be relevant here, *see infra* Part III.B, is when the statute of limitations would bar amendment or refiling. *See, e.g., Ahmed v. Dragovich*, 297 F.3d 201, 207 (3d Cir. 2002) (holding that, although "the principle is well-settled . . . that an order dismissing a complaint without prejudice is not a final and appealable order, that principle does not apply where the statute of limitations has run") (internal quotation marks and alteration omitted); *Ordower v. Feldman*, 826 F.2d 1569, 1572 (7th Cir. 1987) (finding dismissal without prejudice appealable because, if plaintiffs filed a new complaint, their claims would be dismissed as untimely).

District Court was concerned." 336 U.S. 793, 794–95 n.1 (1949). Most courts that have considered the question have followed the Supreme Court's lead, holding that the dismissal of an action — whether with or without prejudice — is final and appealable.[2] We, of course, will do the same. *Cf. United States v. Mitchell*, 551 F.2d 1252, 1260 n.35 (D.C. Cir. 1976) (finding that an appeal of a denial without prejudice of a petition was appropriate under 28 U.S.C. § 1291, citing *Wallace & Tiernan*).

If the district court did in fact dismiss Ciralsky's action, it thereby ended his case. Although it is true that he *may* be able to re-file because the dismissal was without prejudice,[3] that does not change the fact that, in the absence of such an affirmative act on Ciralsky's part, the case is at an end. *See Rinieri v. News Syndicate Co.*, 385 F.2d 818, 821 (2d Cir. 1967) ("Although a dismissal without prejudice permits a new action (assuming the statute of limitations has not run) without regard to res judicata principles, the order of dismissal, nevertheless, is a final order from which an appeal lies.").

---

[2] *See Mirpuri v. Act Mfg.*, 212 F.3d 624, 629 (1st Cir. 2000); *De Tie v. Orange County*, 152 F.3d 1109, 1111 (9th Cir. 1998); *Trippe Mfg. Co. v. American Power Conversion Corp.*, 46 F.3d 624, 626 (7th Cir. 1995); *Justice v. United States*, 6 F.3d 1474, 1481 (11th Cir. 1993); *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 591 n.4 (7th Cir. 1986); *Elfenbein v. Gulf & W. Indus.*, 590 F.2d 445, 448 (2d Cir. 1978); *see also* 15A CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 3914.6, at 533 (2d ed. 1992) [hereinafter WRIGHT & MILLER] ("Many cases reflect the rule that a dismissal without prejudice is appealable as a final judgment."). *But see Trent v. Dial Medical of Florida, Inc.*, 33 F.3d 217, 220 (3d Cir. 1994) ("[D]ismissals without prejudice have been held to be final and appealable if they end the suit so far as the District Court was concerned, although we have indicated that such dismissals may not constitute final orders until the party seeking relief renounces any intention to reinstate litigation.") (internal quotation marks and citations omitted).

[3] *But see infra* Part III.B (noting Ciralsky's argument that, although the dismissal was without prejudice, the effect was to bar his Title VII claims under the statute of limitations).

Analogously, the fact that a plaintiff may suspend the finality of a dismissal with prejudice by filing a Rule 59 motion to reconsider does not affect the finality of that dismissal in the absence of such a motion. *See* 12 MOORE'S §§ 59.32[1], 59.53[1]; 19 MOORE'S § 202.11[1][a].

Unfortunately, it is not always clear whether a district court intended its order to dismiss the action or merely the complaint.[4] This case presents some difficulties in that regard, as the court's December 2001 Memorandum Opinion spoke several times of dismissing the complaint. Dec. 2001 Mem. Op. at 1, 8. The court's attached order, however, both dismissed the complaint and, in a separate ordering paragraph, granted the defendants' April 2, 2001 motion to dismiss. *See* Dec. 2001 Order. That motion had expressly asked the court "to dismiss this *action*." Defs.' Mot. to Dismiss (emphasis added). Moreover, the court's December 2001 Order expressly stated that it was "a final appealable order." Dec. 2001 Order. Although that characterization cannot bind us, it does indicate that the district court thought the order had terminated the action.

That the court intended its December 2001 Order to dismiss the action is also evidenced by the course of the litigation over the defendants' earlier motion to strike filed on August 21, 2000. In contrast to their April 2001 motion to dismiss the action, the defendants' earlier motion had sought only "an order striking the *complaint*." Defs.' Mot. to Strike (emphasis added).[5] In granting the motion to strike, the court drew the distinction that is important here: it gave

[4] *See, e.g.*, *Hoskins*, 320 F.3d at 764 (noting that "[d]istrict judges can avoid [such] problems by distinguishing consistently between dismissing a pleading and dismissing the suit"); *Elfenbein*, 590 F.2d at 448 (interpreting district court's dismissal of complaint without prejudice as intending to terminate the action).

[5] Although the defendants denominated their motion as one to "strike" the complaint, they made no reference to the rule that governs motions to strike, *see* FED. R. CIV. P. 12(f), and their motion might more properly be viewed as one to dismiss the complaint. *See* 5A WRIGHT & MILLER § 1380, at 644–46 (2d ed. 1990).

Ciralsky 21 days in which to file an amended complaint, but warned that, "[s]hould plaintiff fail to file a proper amended complaint within that time, the *case* will be dismissed." Feb. 2001 Mem. & Order at 9 (emphasis added). Such a dismissal appears to be precisely what the court had in mind when, on December 28, 2001, it determined that Ciralsky had failed to file a proper amended complaint.

Further evidence that the district court regarded its December 2001 order as dismissing the action is found in the course of the litigation over Ciralsky's subsequent motion for leave to file a second amended complaint pursuant to Rule 15(a). In denying that motion, the court ruled that freely amending the original complaint was no longer an option: the court could not, it said, grant leave to amend unless Ciralsky first persuaded it "to vacate the judgment of dismissal" pursuant to Rule 59(e). Aug. 2002 Mem. Op. & Order at 4; *compare* Feb. 2001 Mem. & Order at 8–9 (granting motion to strike complaint and giving plaintiff 21 days to amend). And because the court ultimately found Ciralsky's Rule 59(e) motion unpersuasive, it denied his motion to amend the complaint as moot. Aug. 2002 Mem. Op. & Order at 4. In so doing, the court made clear that it had dismissed the case in December 2001, and that because it refused to vacate that dismissal, the complaint was no longer susceptible to amendment in August 2002.

We therefore conclude that the district court's December 2001 order dismissed Ciralsky's action, and not merely his complaint. Accordingly, that dismissal was final and appealable.[6] Our jurisdiction over that final decision extends as well to the interlocutory rulings that preceded it, including in particular the February 2001 order granting the motion to strike the complaint. *See, e.g., Kirkland v. National Mortgage Network, Inc.*, 884 F.2d 1367, 1369–70 (11th Cir. 1989) (holding that a district court order granting dismissal without

---

[6] Ciralsky's timely filing of a motion to alter the judgment under Rule 59(e) tolled the time for appeal of the December 2001 decision until the district court disposed of the Rule 59(e) motion. *See* FED. R. APP. P. 4(a)(4)(A)(iv).

prejudice "is final and appealable . . . , and as a final judgment it incorporates and brings up for review the preceding nonfinal order"); 15A CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 3905.1, at 249 (2d ed. 1992) [hereinafter WRIGHT & MILLER] ("[O]nce appeal is taken from a truly final judgment that ends the litigation, earlier rulings generally can be reviewed.").[7] We likewise have jurisdiction over the district court's subsequent decision denying the plaintiff's Rule 59(e) motion. *See, e.g.*, *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 832–33 (6th Cir. 1999) ("[A]s a general matter, the appeal from the denial of a Rule 59(e) motion is treated as an appeal from the underlying judgment itself."); 12 MOORE'S § 59.53[1].

## III

Having resolved our appellate jurisdiction, we now turn to Ciralsky's challenges to the decisions of the district court. In Part III.A, we consider the plaintiff's attacks on the orders that first struck the complaint and then dismissed the action under Rule 8(a). In Part III.B, we consider Ciralsky's objections to the denial of his motions to alter the judgment and to amend the complaint under Rules 59(e) and 15(a). We review the district court's decisions only to determine whether the court abused its discretion. *See Anyanwutaku v. Moore*, 151 F.3d 1053, 1058 (D.C. Cir. 1998) (Rule 59(e)); *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (same); *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (Rule 8(a)); *Kuehl v. FDIC*, 8 F.3d 905, 908 (1st Cir. 1993) (same).

## A

Federal Rule 8(a) provides that a pleading "shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." FED R. CIV. P. 8(a)(2). Rule 8(e) further provides that "[e]ach averment of a pleading shall

---

[7] Neither side suggests that the February 2001 order was itself a final appealable order. Unlike the December 2001 order, the February order expressly granted the plaintiff leave to amend and did not dismiss the action.

be simple, concise, and direct." FED. R. CIV. P. 8(e)(1). "Taken together, Rules 8(a) and 8(e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules." *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (quoting 5 WRIGHT & MILLER § 1217, at 169 (2d ed. 1990)). Enforcing these rules is largely a matter for the trial court's discretion, 5 WRIGHT & MILLER § 1217, at 175 & n.8 (2d ed. 1990); Rule 41(b) authorizes the court to dismiss either a claim or an action because of the plaintiff's failure to comply with the Federal Rules "or any order of court," FED. R. CIV. P. 41(b).

The district court granted the defendants' motion to strike Ciralsky's initial complaint on the ground that it was "neither short nor plain," but rather a "repetitive, discursive and argumentative account of the alleged wrongs suffered by the plaintiff." Feb. 2001 Mem. & Order at 8; *see supra* note 5. As the initial complaint weighed in at 119 pages and 367 numbered paragraphs, that was hardly a harsh judgment. Nor was the court's disposition: the court did not dismiss the case, but rather gave the plaintiff 21 days to "eliminate[ ]" the "excess" and to file an amended complaint "that complies with Rule 8(a)(2)." *Id.* at 8–9. Moreover, the court gave the plaintiff fair warning that, "[s]hould plaintiff fail to file a proper amended complaint within that time, the case will be dismissed." *Id.* at 9. There is nothing about the court's decision to strike the initial complaint that suggests an abuse of its considerable discretion over such matters.

Within the specified 21 days, Ciralsky filed a first amended complaint. As we have discussed, this time the court did not simply strike the complaint; rather, it granted the defendants' motion to dismiss the action. Dec. 2001 Order. Although Ciralsky had reduced the pleading to 61 pages and 105 paragraphs, the court found that the "amended complaint [was] still prolix and burdened with a bloated mass of unnecessary detail." Dec. 2001 Mem. Op. at 1. Referring to the defendants' allegations that the "plaintiff has utilized formatting changes and has merged paragraphs to create the illusion of brevity," the court concluded: "At best, plaintiff's approach to amending the complaint was just faulty. At

worst, it was a transparent effort to soften the defective appearance of the complaint without doing the work needed to make it comply with Rule 8." *Id.* at 8.

Once again, the court had reasonable grounds for its decision. As the defendants pointed out, a significant portion of the reduction in pages and paragraphs was accomplished by mere formatting changes: paragraphs were combined (run together) and blank space eliminated. Moreover, the complaint still remained quite long — a point that is more than simply a matter of aesthetics. As the Second Circuit noted in *Salahuddin v. Cuomo*, " '[u]necessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.' " 861 F.2d 40, 42 (2d Cir. 1988) (quoting 5 WRIGHT & MILLER § 1281, at 365 (1969)).

Nonetheless, we would be concerned had the district court reacted to the amended complaint not only by dismissing the action, but by dismissing it *with prejudice* as the defendants requested. Such a dismissal would have constituted a harsh sanction, as it would have imposed the bar of res judicata against any future filing. *See Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) ("[A] suit that has been dismissed with prejudice cannot be refiled; the refiling is blocked by the doctrine of res judicata."). For that reason, "it will generally be an abuse of discretion to deny leave to amend when dismissing a nonfrivolous original complaint on the sole ground that it does not constitute the short and plain statement required by Rule 8." *Salahuddin*, 861 F.2d at 42; *see Micklus v. Greer*, 705 F.2d 314, 317 n.3 (8th Cir. 1983) (noting that "usually when a plaintiff's complaint is dismissed for failure to comply with Rule 8(a), that dismissal is to be with leave to amend," because when "Rule 8(a) dismissals are expressly with prejudice, they may have res judicata effect"); *Bertucelli v. Carreras*, 467 F.2d 214, 215 (9th Cir. 1972) (noting that "ample opportunity for amendment should be provided in all except the most unusual cases").

It is not clear that such a harsh sanction would have been deserved in this case. After all, Rule 8 does not require a "short and plain *complaint*," but rather a "short and plain statement of the *claim*." FED. R. CIV. P. 8(a)(2) (emphasis added). Indeed, Rule 8(e)(2) provides that: "A party may set forth two or more statements of a claim or defense alternatively . . . . A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds." FED. R. CIV. P. 8(e)(2). Moreover, it is "each averment of a pleading" that Rule 8(e)(1) states "shall be simple, concise, and direct" — not each pleading itself. The defendants know these rules full well; the government is no foe of lengthy complaints when it finds itself in the position of plaintiff. *See, e.g., United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131 (D.D.C. 2000) (government complaint consisting of 88 pages and 211 paragraphs with attached 43–page appendix); *United States v. Bonanno*, 683 F. Supp. 1411 (E.D.N.Y 1988) (70–page government complaint accompanied by 250–page binder of exhibits).

Although the first amended complaint did indeed remain long, there is no dispute that Ciralsky deleted the initial complaint's entire "Statement of Facts" section — a total of 43 pages — as well as parts of other sections.[8] A significant portion of the remaining length was due to the sheer number of claims asserted: with 20 separate claims (under nine statutory and constitutional provisions), the 40–page "Statement of Claims" section averaged only 2 pages per claim.

Nor did the amended complaint exhibit other traits that often justify dismissals under Rule 8. The government does

---

[8] *Compare Michaelis v. Nebraska State Bar Ass'n*, 717 F.2d 437, 438–39 (8th Cir. 1983) (noting that "[o]rdinarily dismissal of a plaintiff's complaint for failure to comply with Rule 8 should be with leave to amend," but affirming dismissal with prejudice where plaintiff, after an initial dismissal with leave to amend, "refused persistently to comply" by twice refiling substantially longer complaints, the "style and prolixity of [which] would have made an orderly trial impossible").

not contend that the complaint was unclear or that it failed to give the defendants fair notice of the claims against them.[9] Similarly, the government does not contend that the complaint was frivolous on its face. *See Salahuddin*, 861 F.2d at 43 (vacating Rule 8(a) dismissal and remanding to permit amendment because plaintiff's "allegations are sufficiently clear and specific to give the defendants notice of ways in which they are claimed to have violated [plaintiff's] rights, and one cannot say that . . . [plaintiff] can prove no set of facts that would entitle him to relief").[10]

But we need not tarry over these concerns, because the district court did not dismiss the complaint and action with prejudice. *See* Dec. 2001 Order (stating that dismissal was "without prejudice"). Nor did the plaintiff give the court any reason to suspect that its dismissal without prejudice could be — as we discuss in Part III.B — the functional equivalent of a dismissal with prejudice because the statute of limitations had run on at least some of the claims. Ciralsky's attorneys did not even mention the possibility of a limitations problem in their opposition to the defendant's motion to dismiss. *See* Pl.'s Opp. to Mot. to Dismiss. For its part, the court made clear that it thought that the plaintiff could and would re-file, warning Ciralsky "that should he re-file his complaint in a form that still does not comply with Rule 8, my next dismissal will be with prejudice." Dec. 2001 Mem. Op. at 8.

---

[9] *See McHenry*, 84 F.3d at 1177 (noting that a complaint may be struck under Rule 8 if it "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, and the judge has already issued an order for a more definite statement which order was not complied with") (internal quotation marks omitted); *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (declaring that Rule 8(a) dismissal "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised").

[10] *See also Simmons*, 49 F.3d at 86–87 (declaring that, rather than dismiss a complaint that fails to comply with Rule 8(a), courts should give leave to amend, especially when the complaint states an intelligible claim that is not frivolous on its face).

In short, from the perspective of the court at the time it dismissed Ciralsky's amended complaint and action, there was nothing about that dismissal that would have barred the plaintiff from correcting the complaint's defects and filing a new lawsuit. Viewed from that perspective, we cannot regard the dismissal as an abuse of discretion. The amended complaint could certainly have stood further shortening. And doing so would not have reduced Ciralsky's chances of success on the merits, as the evidentiary detail in the initial complaint was plainly not necessary for the case's survival. Indeed, all that a Title VII complaint has to say to survive dismissal under Rule 12(b)(6) is: "The plaintiff was terminated from his job because of his religion." *See Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1115 (D.C. Cir. 2000); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, 510–15 (2002). Accordingly, we detect no abuse of discretion either in the district court's grant of the motion to strike the initial complaint or in its grant of the subsequent motion to dismiss the amended complaint and action.

## B

We next examine the district court's denial of Ciralsky's Rule 59(e) motion to alter the judgment of dismissal, and of his Rule 15(a) motion to file a second amended complaint.

"A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone*, 76 F.3d at 1208 (internal quotation marks omitted); *accord Anyanwutaku*, 151 F.3d at 1057–58. As we have discussed above, we review district court denials of Rule 59(e) motions only for abuse of discretion. *Anyanwutaku*, 151 F.3d at 1058; *Firestone*, 76 F.3d at 1208. Ciralsky argues that the court abused its discretion in denying his motion to alter the judgment of dismissal because that dismissal — notwithstanding that it was nominally without prejudice to refiling — had the effect of permanently terminating his principal cause of action. It had that effect,

Ciralsky contends, because of the operation of the statute of limitations for filing claims under Title VII. The plaintiff appears to be correct in the latter respect.

When a complaint is timely filed, the statute of limitations is tolled, and subsequent amendments to the complaint are also regarded as timely. *See* FED. R. CIV. P. 15(c) (providing that an "amendment of a pleading relates back to the date of the original pleading" under specified circumstances); *Ahmed v. Dragovich*, 297 F.3d 201, 207–08 (3d Cir. 2002). However, once a suit is dismissed, even if without prejudice, "the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing." *Elmore*, 227 F.3d at 1011.[11] In short, "when a suit is dismissed without prejudice, the statute of limitations is deemed unaffected by the filing of the suit, so that if the statute of limitations has run the dismissal is effectively with prejudice." *Id.* at 1011.[12]

Under Title VII and the relevant regulations, the limitations period for federal employees depends in part on the manner in which the complainant exhausted his administrative remedies. *See* 42 U.S.C. § 2000e–16(c); 29 C.F.R.

---

[11] *Accord Chico–Velez v. Roche Prod., Inc.*, 139 F.3d 56, 59 (1st Cir. 1998); *Johnson v. Nyack Hosp.*, 86 F.3d 8, 11 (2d Cir. 1996); *Garfield v. J.C. Nichols Real Estate*, 57 F.3d 662, 666 (8th Cir. 1995); *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995); *Dade County v. Rohr Indus., Inc.*, 826 F.2d 983, 989 (11th Cir. 1987); *Cardio–Medical Assoc. v. Crozer–Chester Med. Ctr.*, 721 F.2d 68, 77 (3d Cir. 1983). Of course, if a suit is dismissed *with* prejudice, "any issue concerning the bar of the statute of limitations to the refiling of the suit will be moot because a suit that has been dismissed with prejudice cannot be refiled; the refiling is blocked by the doctrine of res judicata." *Elmore*, 227 F.3d at 1011.

[12] *See Ahmed*, 297 F.3d at 207; *Duffy v. Ford Motor Co.*, 218 F.3d 623, 629 (6th Cir. 2000); *Hatchet v. Nettles*, 201 F.3d 651, 652–53 (5th Cir. 2000); *Ordower*, 826 F.2d at 1572; *Green v. Humphrey Elevator & Truck Co.*, 816 F.2d 877, 878 n.4 (3d Cir. 1987); *Gray v. Fidelity Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981); *Bragg v. Reed*, 592 F.2d 1136, 1138 (10th Cir. 1979).

§§ 1614.105, 1614.407. Although it is unclear from the appellate record whether or how Ciralsky exhausted his administrative remedies at the CIA, the plaintiff represents that the relevant statutory provision is that which requires a complainant to file suit within 90 days of receipt of notice of final action taken by the agency on his administrative complaint. *See* 42 U.S.C. § 2000e–16(c); *Elmore*, 227 F.3d at 1010. Since under any scenario those 90 days had run by the time the court dismissed Ciralsky's suit on December 28, 2001, it does appear that by removing the tolling effect of Ciralsky's original complaint, the dismissal effectively brought an end to the plaintiff's Title VII claims.[13] Ciralsky's contention is that such a result is too harsh a consequence for merely failing to sufficiently reduce the size of his complaint, and hence works a "manifest injustice" that justifies the granting of his motion to alter the judgment of dismissal.

Had Ciralsky set forth this argument with clarity to the district court, he might have won the day. But he did not. Plaintiff's motion to alter the judgment devoted only two sentences to the statute of limitations, neither of which even cited a statutory section. All Ciralsky told the court was that "plaintiff may be unfairly prejudiced . . . as the statute of limitations may be deemed to have run on some of his claims if he is not allowed to proceed based on a complaint which relates back to the initial filing date for this matter." Pl.'s Mot. to Alter or Amend J. at 1; *see id.* at 3.

The district court rejected Ciralsky's Rule 59(e) motion on two grounds. First, the court noted that the plaintiff claimed only that he "might" be barred by the statute of limitations, "a conclusion for which he offers no substantiation, detail or

---

[13] That further litigation might develop other bars to a re-filed complaint — including the possibility that the statute of limitations had run before the original complaint was filed, or that the plaintiff had failed to timely exhaust his administrative remedies — does not affect our analysis because the defendants have not raised such arguments. Similarly, because Ciralsky has not argued it, we do not consider whether he could overcome a limitations bar by seeking equitable tolling.

supporting citations." Aug. 2002 Mem. Op. & Order at 3. Second, the court said that, even if there were a statute of limitations problem, "[p]laintiff knew, or should have known . . . that if defendant's motion to dismiss were granted, he might be barred from refiling a complaint by the applicable statute of limitations." *Id.* at 3–4. "Yet," the court stressed, "plaintiff chose not to seek leave to amend before any unidentified limitation period about which he worries ran out." *Id.* at 4.

In light of the arguments that Ciralsky actually made to the district court, we cannot conclude that the court abused its discretion in finding that a grant of the plaintiff's motion was not required to prevent "manifest injustice." When the most a plaintiff does is suggest that he "*may* be unfairly prejudiced . . . as the statute of limitations *may* be deemed to have run on some of his claims if he is not allowed to proceed," Pl.'s Mot. to Alter or Amend J. at 1 (emphasis added), it is hard to fault a court that finds nothing "manifest" about any injustice that might result from a dismissal. We also cannot find that the district court abused its discretion in concluding that "[m]anifest injustice does not exist where, as here, a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered." Aug. 2002 Mem. Op. & Order at 4. By failing to advise the court in a timely fashion — i.e., before the court ruled on the motion to dismiss — that there was a limitations problem and that he was prepared to further shorten his complaint, Ciralsky forfeited any claim of an abuse of discretion. *Cf. Kattan by Thomas v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993) ("Ordinarily Rule 59 motions [for a new trial or a rehearing] are not granted by the District Court where they are used by a losing party to request the trial judge to reopen proceedings in order to consider a new defensive theory which could have been raised during the original proceedings.").

Because we conclude that the district court did not abuse its discretion in denying Ciralsky's Rule 59(e) motion, we likewise conclude that it did not err thereafter in denying Ciralsky's motion for leave to file an amended complaint

under Rule 15(a). Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." As we held in *Firestone*, however, once a final judgment has been entered, a court cannot permit an amendment unless the plaintiff "first satisf[ies] Rule 59(e)'s more stringent standard" for setting aside that judgment. *Firestone*, 76 F.3d at 1208; *see Ahmed*, 297 F.3d at 207–08; 6 WRIGHT & MILLER § 1489 (2d ed. 1990); 3 MOORE'S § 15.12[2]. Since the court declined to set aside the judgment under Rule 59(e), it properly concluded that Ciralsky's motion to amend under Rule 15(a) was moot.

## C

Although we find no abuse of discretion in the district court's rulings, we are nonetheless troubled by the fact that an affirmance of its Rule 59(e) disposition would terminate this lawsuit, not because of the invalidity of Ciralsky's claims, but because the plaintiff's attorneys failed to satisfy Rule 8(a) or to advise the court of the consequences of a dismissal. As we have noted above, the government does not contend that the plaintiff's claims are frivolous on their face. And other things being equal, our "jurisprudential preference [is] for adjudication of cases on their merits rather than on the basis of formalities." *Salahuddin*, 861 F.2d at 42; *see* 5 WRIGHT & MILLER § 1217, at 178 (2d ed. 1990). As the Supreme Court said in *Swierkiewicz v. Sorema N.A.*: "The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of the claim.... 'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.'" 534 U.S. at 514 (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).

Nor are we certain that, if the district court were now advised of the precise nature of the plaintiff's statute of limitations problem, it would nonetheless decline to reconsider its Rule 59(e) denial. After all, in expressly dismissing the action without prejudice, the court plainly thought it was

giving the plaintiff one more chance to get things right. *See* Dec. 2001 Mem. Op. at 8 (warning that if a re-filed complaint did not comply with Rule 8, "my *next* dismissal will be with prejudice") (emphasis added).

Accordingly, we will follow a path marked out by the First Circuit in *Estate of Solis–Rivera v. United States*, 934 F.2d 1 (1st Cir. 1993), and remand the case "to the same district judge to allow him to decide whether, given the surfacing of the statute of limitations problem, he wishes to give plaintiff[ ] a further chance by allowing the present action to proceed," *id.* at 3, based on Ciralsky's 28–page proposed second amended complaint.[14] Like the First Circuit, however, we stress that in remanding the case we are not dictating any particular result. The district court has wide discretion in this matter, and we do nothing more than offer the court the opportunity to reconsider its Rule 59(e) decision in light of a clearer understanding of the consequences of denial. We thus "leave the choice entirely in the hands of the district court, which may either choose to confirm the 'death knell' of this action . . . or else allow the case to proceed." *Id.*

## IV

For the foregoing reasons, although we find no abuse of discretion by the district court, we remand the case for further proceedings consistent with this opinion.

---

[14] There are, to be sure, differences between *Solis-Rivera* and the present case. In *Solis-Rivera*, the district court dismissed the complaint for failure to prosecute under Federal Rule of Civil Procedure 41(b), rather than under Rule 8. Unlike plaintiff's motion in this case, the plaintiff's motion to modify the judgment in *Solis-Rivera* failed even to suggest a statute of limitations problem. This, of course, cuts two ways. On the one hand, the fact that the district court had not known of the problem might be said to increase the probability that, if so informed, it would decide differently upon remand. On the other hand, as the First Circuit acknowledged, its disposition "might be criticized for overlooking plaintiffs' failure to have raised the limitations problem below," since an appellate court "will not ordinarily consider a matter not first presented to the district court." *Solis-Rivera*, 993 F.2d at 3.