## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

GREGORY A. MILTON,          )
                                )
        Plaintiff,      )
                                )
        v.            )     Civil Action No. 08-242 (RWR)
                                )
UNITED STATES DEPARTMENT OF   )
JUSTICE,               )
                                )
        Defendant.      )
_____)

### MEMORANDUM ORDER

Pro se plaintiff Gregory A. Milton, who is currently incarcerated, sued the United States Department of Justice ("Department") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking recordings of telephone conversations he had in prison. A February 8, 2012 memorandum opinion and order granted summary judgment to the Department on the grounds that it had demonstrated that information that Milton had requested under FOIA, and which had previously been ruled exempt from disclosure, contained no segregable information. Milton has filed a motion for reconsideration, arguing that Yeager v. DEA, 678 F.2d 315 (D.C. Cir. 1982), a case that he discussed in earlier briefing, and which the February 8 opinion considered and addressed, precludes summary judgment. He also suggests that it was "arguably an abuse of this Court's discretion to not consider Plaintiff's Motion for judicial notice of the principle relied on

in Yeager under the public record doctrine." (Pl.'s Mot. for Reconsideration ("Pl.'s Mot.") at 5 n.2; see also Pl.'s Reply to Def.'s Opp'n to Mot. for Reconsideration ("Pl.'s Reply") at 4.)[1]

A court may alter or amend a final judgment under Federal Rule of Civil Procedure 59(e). However, altering or amending a final judgment is discretionary, and a court need not grant a Rule 59(e) motion unless it "'finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Ciralsky v. CIA, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). Motions for reconsideration are "not routinely granted," Williams v. Savage, 569 F. Supp. 2d 99, 108 (D.D.C. 2008), but rather are warranted by "'extraordinary circumstances.'" Liberty Prop. Trust v. Republic Props. Corp., 570 F. Supp. 2d 95, 97-98 (D.D.C. 2009) (quoting Niedermeier v. Office of Baucus, 153 F. Supp. 2d 23, 28 (D.D.C. 2001)).

Milton cites no intervening change in controlling law, provides no new evidence, and demonstrates no clear error in the February 8th opinion's treatment of Yeager. Because the Yeager decision was already considered and addressed in that opinion, no

---

[1] The full background of this case is set out in Milton v. U.S. Dep't of Justice, 596 F. Supp. 2d 63 (D.D.C. 2009), in Milton v. U.S. Dep't of Justice, 783 F. Supp. 2d 55 (D.D.C. 2011), and in Milton v. U.S. Dep't of Justice, 842 F. Supp. 2d 257 (D.D.C. 2012).

manifest injustice will result from denying reconsideration. Specifically, the opinion concluded that the decision did not support Milton's argument that an agency has a duty to install new technology to facilitate disclosure under FOIA, for example by installing technology to facilitate segregation of the non-exempt portions of the records Milton sought here. Milton v. U.S. Dep't of Justice, 842 F. Supp. 2d 257, 260 n.1 (D.D.C. 2012). Arguing in support of reconsideration, Milton concedes that "the holding in Yeager is inapposite to [this] case," but nonetheless suggests that "dictum of Yeager" supports his position that "as a matter of law based on statutory interpretation, FOIA cannot allow a government agency to implement a system that effectively diminishes it [sic] responsibility to release any portion of a requested record it acknowledges is non-exempt." (Pl.'s Reply at 2.) Milton made essentially the same arguments in opposition to the defendant's motion for summary judgment and in his motion for judicial notice, construed as a motion for leave to file a surreply, which the February 8th opinion found unpersuasive. (See Pl.'s Opp'n to Def.'s Mot. Summ. J. at 2-3; Pl.'s Mot. Requesting Court Take Judicial Notice of Adjudicative Facts at 1-2.)

In addition, to the extent that Milton suggests that the agency acted in bad faith in selecting a technology system for

recording inmates' telephone calls, the February 8th opinion expressly concluded that Milton had provided no evidence of bad faith to refute the agency's assertion that it lacked the technological capacity to segregate the requested material, Milton, 842 F. Supp. 2d at 260-61, and Milton's motion for reconsideration provides no such evidence, either. "Re-litigating arguments or legal theories, that could have been raised earlier, do not qualify as an 'extraordinary circumstance'" warranting reconsideration under Rule 59(e). Bond v. U.S. Dep't of Justice, Civil Action No. 10-01617 (RCL), 2012 WL 2515971, at *3 (D.D.C. July 2, 2012). Because revisiting dictum from Yeager is not necessary either to correct a clear error or to prevent manifest injustice, Milton's arguments for reconsideration are unavailing.

Finally, no error was committed in construing as a motion for leave to file a surreply, and granting, Milton's motion for judicial notice of Yeager. Where a party relies on the principles and reasoning of a court's opinion, the party may simply cite the decision in its briefing, as Milton did here. Because Milton did not request that any findings of fact made by the Yeager court be adopted, his "Motion Requesting Court Take

Judicial Notice of Adjudicative Facts" was properly treated as a motion for leave to file a surreply.[2]  Accordingly, it is hereby

ORDERED that the plaintiff's motion [38] for reconsideration be, and hereby is, DENIED.

SIGNED this 31st day of July, 2012.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge

---

[2] Because Milton filed his motion for reconsideration six days after the 28-day period for filing a motion under Rule 59(e) had expired, the defendant suggests that the motion should be treated as a Rule 60(b) motion for relief from judgment.  (Def.'s Opp'n to Pl.'s Mot. for Reconsideration at 10 n.4.)  "A motion to reconsider a final order is generally treated as a Rule 59(e) motion if it is filed within the filing time limit set forth in the rule . . . and as a Rule 60(b) motion if it is filed thereafter."  Roane v. Gonzales, 832 F. Supp. 2d 61, 64 (D.D.C. 2011) (citing Lightfoot v. District of Columbia, 355 F. Supp. 2d 414, 420-21 (D.D.C. 2005)).  Milton contends that his motion should be deemed filed when it was given to prison officials to mail.  (Pl.'s Reply at 4.)  Because reconsideration is not warranted under either Rule 59(e) or Rule 60(b), it is not necessary to resolve the parties' dispute concerning the date the motion was filed.  As is relevant here, Rule 60(b) authorizes a court to relieve a party from a final judgment for reason of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial," where the judgment "is based on an earlier judgment that has been reversed or vacated," or for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  For reasons that are discussed above, Milton presents no new evidence, the judgment of which he seeks reconsideration is not based on unsound authority, and Milton has identified no other reason justifying relief.