# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 21-5227**                                    **September Term, 2021**

**1:21-cv-01229-UNA**

**Filed On:** February 9, 2022

Harry Nie,

      Appellant

     v.

Government of the United States of America,

      Appellee

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Wilkins and Rao, Circuit Judges, and Sentelle, Senior Circuit Judge

### <u>J U D G M E N T</u>

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. <u>See</u> Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing and the motion to appoint counsel and the motion for release from custody, it is

**ORDERED** that the motion to appoint counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's orders filed August 5, 2021, and September 8, 2021, be affirmed and the motion for release from custody be denied. The district court did not abuse its discretion in dismissing the case for failure to comply with the pleading standards of Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." <u>See</u> <u>Ciralsky v. CIA</u>, 355 F.3d 661, 668-69 (D.C. Cir. 2004). The district court also correctly concluded that it lacked jurisdiction to review other federal court decisions. <u>See</u> 28 U.S.C. § 1294(1) (appeal from a reviewable decision of a district court shall be taken to the "court of appeals for the circuit embracing the district"); <u>Snipes v. Chutkan</u>, 839 F. App'x 563, 563 (D.C. Cir. 2021). In his complaint before the district court and in his motion for release from custody, appellant also seeks relief that is essentially equivalent to that conferred by a writ of habeas corpus. As such, the

proper avenue for appellant to seek the requested relief is a petition pursuant to 28 U.S.C. § 2254, filed in the appropriate district court.  28 U.S.C. § 2241(d).  Further, nothing appellant argues on appeal demonstrates that the denial of his Rule 59(e) motion was an abuse of discretion.  See Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk