# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 21-7031**

**September Term, 2021**

**1:19-cv-03304-ABJ**

**Filed On:** April 14, 2022

Henok A. Mengesha,

      Appellant

    v.

Benidia Rice, In her official and Individual
Capacity, et al.,

      Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**   Henderson, Rogers, and Tatel, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's orders filed November 30, 2020, and March 1, 2021, be affirmed. Appellant has not shown any error in the district court's dismissal of his § 1983 due process claim. Appellant has forfeited any challenge to the court's holding that he failed to state a § 1983 claim for municipal liability under Monell v. Department of Social Services, 436 U.S. 658 (1978), and its progeny by failing to address it in his opening brief. See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004). Furthermore, appellant failed to adequately specify how the individual defendants were involved in the alleged due process violation. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Cameron v. Thornburgh, 983 F.2d 253, 257-58 (D.C. Cir. 1993). As for his negligence and malicious prosecution claims, "the mere presence of a federal issue in a state cause of

action does not automatically confer federal-question jurisdiction," <u>Merrell Dow Pharmaceuticals Inc. v. Thompson</u>, 478 U.S. 804, 813 (1986), and appellant has not shown any error or abuse of discretion in the dismissal of these claims after the district court dismissed his § 1983 claim, <u>see</u>, <u>e.g.</u>, 28 U.S.C. §§ 1367(c)(3), (d).  Moreover, the district court properly denied him injunctive relief after dismissing his other claims.  Finally, the district court did not abuse its discretion in denying his Rule 59(e) motion. <u>See</u> <u>Ciralsky v. CIA</u>, 355 F.3d 661, 668 (D.C. Cir. 2004).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**