# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 22-7041**                    **September Term, 2022**

**1:21-cv-01406-DLF**

**Filed On:** December 16, 2022

Sara Gonzalez Flavell,

     Appellant

  v.

Tracy Jane Marshall and Reed Group, Ltd,

     Appellees

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Katsas, Walker, and Childs, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED** that appellant's request for leave to appeal the August 30, 2021 order dismissing appellant's complaint in Flavell v. Collier, No. 20-cv-0959 (D.D.C.), be denied. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's March 17, 2022 order be affirmed. Appellant has not shown that the district court erred in denying the motion to remand. Contrary to appellant's argument that the district court lacked jurisdiction under 28 U.S.C. § 1332, a preponderance of the evidence shows that the amount in controversy exceeded $75,000. Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 88 (2014). Additionally, appellant has not shown that the district court erred in dismissing the complaint. As to her negligence claim, appellant has shown no error in the district court's conclusion that, notwithstanding allegations of nausea and vomiting made for the first time in appellant's opposition to the motion to dismiss, she did not plausibly allege physical harm such that appellees breached a duty of care owed to her. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (plaintiff must allege sufficient factual matter to state a claim to relief that is plausible on its face); see also Presley v. Com. Moving & Rigging, Inc., 25 A.3d 873, 888-89 (D.C. 2011)

(negligence claim by third-party beneficiary requires showing of physical harm). Additionally, appellant has not shown any error in the district court's dismissal of her remaining claims.

Furthermore, appellant has not shown that the district court abused its discretion with regard to her request for leave to amend the complaint. Appellant requested that she be allowed to amend her complaint if the district court granted appellees' motion to dismiss. The district court then dismissed the complaint without prejudice, which gave appellant an opportunity to formally move for leave to file an amended complaint. See Ciralsky v. C.I.A., 355 F.3d 661, 666-67 (D.C. Cir. 2004); see also D.D.C. LCvR 15.1 ("A motion for leave to file an amended pleading shall attach, as an exhibit, a copy of the proposed pleading as amended."). However, appellant instead filed a notice of appeal, which divested the district court of jurisdiction. See United States v. DeFries, 129 F.3d 1293, 1302 (D.C. Cir. 1997).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

**By:**   /s/
Daniel J. Reidy
Deputy Clerk