# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 22-5335**

**September Term, 2022**

**1:22-cv-03302-UNA**

**Filed On:** May 8, 2023

Raj K. Patel, The Excellent the Excellent,
from all capacities,

      Appellant

    v.

United States, et al.,

      Appellees

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Childs and Pan, Circuit Judges, and Sentelle, Senior Circuit Judge

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the amended brief filed by appellant.  See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).  Upon consideration of the foregoing and the motion to appoint counsel, it is

**ORDERED** that the motion to appoint counsel be denied.  In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits.  It is

**FURTHER ORDERED AND ADJUDGED** that the district court's November 28, 2022 and December 19, 2022 orders be affirmed.  The district court correctly concluded that appellant lacked standing because he did not allege that he has suffered an injury in fact.  See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992) (In order to satisfy the "irreducible constitutional minimum of standing," a plaintiff must have suffered an injury that is concrete and particularized, and actual or imminent, not conjectural or hypothetical.).  At most, appellant's complaints about current immigration policy amount to a "generalized grievance," which is insufficient to establish injury in fact.  See Warth v. Seldin, 422 U.S. 490, 499 (1975).  For the same reason, the district court did not abuse its discretion in denying appellant's motion for post-judgment relief under Federal Rule of Civil Procedure 59(e).  See, e.g., Ciralsky v. CIA, 355 F.3d 661, 668 (D.C. Cir. 2004).

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

## No. 22-5335

## September Term, 2022

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

### Per Curiam

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk