**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br> Defendants. | Civil Action No. 22-cv-3350 (TSC) |

**MEMORANDUM OPINION**

Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") sued

Defendants the U.S. Department of Homeland Security ("DHS") and its Secretary, the U.S.

Secret Service and its Director, the U.S. Department of the Army and its Secretary, the U.S

Department of Defense ("DoD") and its Secretary, and the National Archives and Records

Administration ("NARA") and its Acting Archivist. This court granted Defendants' motion to

dismiss, holding that Plaintiff had standing to bring only Count I as it pertains to the text

messages sent to or from Ken Cuccinelli's personal phone, but failed to state a claim under the

Administrative Procedure Act ("APA"). Plaintiff moved to partially alter the judgment, pointing

out a clerical error early in the court's opinion that caused it to err on the merits. Having

considered the record and the briefing, the court will GRANT Plaintiff's motion.

### I.      BACKGROUND

Plaintiff, a nonprofit organization, filed this suit on November 2, 2022, alleging that "text

messages of Trump administration officials at DHS, the Secret Service, DoD, and the Army"

were either "improperly deleted after being requested as part of investigations into the January 6,

2021 attack on the United States Capitol" or are "unlawfully outside of government custody." Compl., ECF No. 1 ¶¶ 1, 8. Plaintiff claims that "Defendants have known for months of the records' unlawful deletion or alienation, yet they have failed to initiate [a Federal Records Act ("FRA")] enforcement action" despite the FRA's enforcement provisions being "mandatory." *Id.* ¶ 2 (citation omitted). The missing records, moreover, "may contain critical evidence concerning the January 6 attack on the Capitol," including "evidence of criminal misconduct." *Id.* ¶ 3.

Plaintiff sought declaratory and injunctive relief ordering Defendants to initiate enforcement actions under the FRA. *Id.* ¶ 5. In granting Defendants' motion to dismiss, this court first held that Plaintiff only had standing to bring Count I as it relates to Cuccinelli's personal phone. Mem. Op., ECF No. 13 at 10–16. It then explained that the APA only provides a cause of action if the agency allegedly failed to take required action or Plaintiff challenged final agency action, *id.* at 17–19, and concluded that Plaintiff failed to state a claim because Defendants were not required to act in response to allegedly destroyed records, and Plaintiff did not challenge final agency action, *id.* at 19–24. Plaintiff moved to partially amend or alter the judgment.

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 59(e) provides a limited exception to the rule that judgments are to remain final," *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018), by granting courts "discretion" to alter or amend a judgment under a limited set of circumstances, *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam). A court should grant a Rule 59(e) motion only if it "finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting *Firestone*, 76

F.3d at 1208). Moreover, courts "must disregard" any error if it does "not affect any party's substantial rights." Fed. R. Civ. P. 61. Consequently, granting a Rule 59(e) motion is "an extraordinary measure." *Leidos, Inc.*, 881 F.3d at 217 (citation omitted).

## III. ANALYSIS

### A. Standing

The court first held that Plaintiff did not have standing as to any of the claims regarding agency-issued phones, but did have standing to challenge the alienation of records from Cuccinelli's personal phone. Mem. Op. at 10–16. In doing so, the court characterized Count I as encompassing the alienation of records from Cuccinelli's personal phone and Count II as challenging only the deletion of records. *Id.* at 15–16. Those characterizations should have been reversed: Count I challenges only "unlawful deletions" of text messages from the custody of the Secret Service, Compl. ¶¶ 78–81, and Count II provides that there were "unlawful deletions and alienations" of messages, and that records from Cuccinelli's personal phone "remain unlawfully outside of the agency's physical custody," *id.* ¶¶ 86–92. The court's characterization was clear error—Plaintiff has standing as to *Count II* regarding only Cuccinelli's personal phone and lacks standing altogether over *Count I*. *See Ciralsky*, 355 F.3d at 671.

### B. Failure to State a Claim

Unfortunately, this error caused a domino effect. The court held that Plaintiff failed to state a claim under Count I because it challenged only unlawful destruction of text messages, and the FRA does not require an agency to act to recover destroyed records. Mem. Op. at 23. But because it should have been Count II that remained, rather than Count I, the court should have held that Plaintiff *did* state a claim upon which relief may be granted as to Count II's challenge to the *alienation* of records from Cuccinelli's personal phone. *See* Mem. Op. at 20 (FRA requires enforcement action when, as with alienation, "records are removed"). Consequently, the

court will grant Plaintiff's motion to partially alter the judgment and vacate in part its decision granting Defendants' motion to dismiss. Defendants' motion to dismiss will be granted in part (as to Count I entirely and Count II regarding agency-issued phones) and denied in part (as to Count II regarding Cuccinelli's personal phone).

### C. Harmlessness

Defendants do not defend the court's errors, but contend they are harmless, arguing that Plaintiff did not state a claim for unlawful removal of records from government custody because its allegations do not overcome the presumption that Cuccinelli either copied an official account or forwarded the messages to an official account, as is required by federal law. Defs.' Opp'n to Mot. to Partially Alter or Amend J., ECF No. 16 at 4–6 ("Opp'n"). Under the presumption of regularity, courts must "presume that public officials have 'properly discharged their official duties.'" *Bracy v. Gramley*, 520 U.S. 899, 909 (1997) (citation omitted). The D.C. Circuit, however, has clearly described this doctrine as an "evidentiary presumption[]," *Latif v. Obama*, 677 F.3d 1175, 1184 (D.C. Cir. 2011), applicable to evidence at summary judgment, not allegations on motions to dismiss. Defendants have also not identified a single case applying this presumption at the motion to dismiss stage or requiring a plaintiff to specifically plead that a public official did not properly discharge their official duties. Indeed, the case upon which Defendants relies, *Competitive Enterprise Institute v. Office of Science and Technology Policy*, 241 F. Supp. 3d 14, 22 (D.D.C. 2017) (quotation omitted), explains that in challenging a motion for summary judgment, a plaintiff "must rebut agency affidavits with something more than pure speculation" to overcome the presumption of regularity. That case too involved the evaluation of evidence, not allegations.

This court will not extend the evidentiary presumption of regularity to the pleading stage. To do so would place too high a burden on plaintiffs, who would be tasked with determining whether any of their allegations imply that an official violated a legal obligation and then alleging specific facts providing how the official violated it. *See Kareem v. Haspel*, 986 F.3d 859, 866 (D.C. Cir. 2021) (explaining that plaintiffs can plead on "information and belief" when the necessary information lies in defendant's control, but such allegations still require a statement of supporting facts). Take this case, for example: It is far from clear how Plaintiff would have a basis to plead specific facts indicating that Cuccinelli failed to copy or forward to an official account all correspondence made from his personal phone without the benefit of discovery. Indeed, Defendants argue that even Plaintiff's allegations that Cuccinelli's text messages were not provided in response to Plaintiff's Freedom of Information Act ("FOIA") requests would not overcome the presumption because a message forwarded from a personal phone "would not necessarily be readily identifiable in a FOIA search." Opp'n at 6. The presumption of regularity does not apply; thus, the court's error was not harmless.

## IV.    CONCLUSION

For the foregoing reasons, the court will GRANT Plaintiff's Motion to Partially Alter or Amend Judgment, ECF No. 15. The Order accompanying the court's previous Memorandum Opinion, ECF No. 14, will be VACATED, and a new Order will be issued.

Date: September 25, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge