Parviz KARIM–PANAHI, Appellant,

v.

U.S. CONGRESS, SENATE AND
HOUSE OF REPRESEN-
TATIVES, Appellees.

No. 03–5186.

United States Court of Appeals,
District of Columbia Circuit.

July 14, 2004.

Parviz Karim–Panahi, Washington, DC,
Appellant Pro Se.

R. Craig Lawrence, Assistant U.S. At-
torney, U.S. Attorney's Office, Washing-
ton, DC, for Appellees.

Before MICHEL,* Circuit Judge, RESTANI,** Chief Judge, and KEENAN,*** Senior District Judge.

## JUDGMENT

### PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

ORDERED AND ADJUDGED that the judgment of the district court be affirmed for the reasons stated in the accompanying memorandum.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

## MEMORANDUM

Parviz Karim–Panahi, pro se, appeals from the United States District Court for the District of Columbia's *sua sponte* dismissal of his complaint with prejudice for failure to comply with Federal Rule of Civil Procedure 8. Because we agree that Mr. Karim–Panahi's complaint did not comply with Rule 8, and because Mr. Karim–Panahi did not amend his complaint to comply with Rule 8 within the ample time allowed by the district court, we discern no abuse of discretion in the decision of the district court dismissing his complaint with prejudice. We also find that Judge Rose-

mary Collyer did not abuse her discretion in denying Mr. Karim–Panahi's motion for disqualification.

## Background

On February 11, 2003, the appellant, Mr. Karim–Panahi, filed a "Civil and Criminal Complaint" seeking $1 billion dollars per year in damages for "Half–a–Century Legislatures–Judicial–Governmental–Corporate & Israeli Organized–Crime Syndicate Terrorism, Tortures, Thieveries, Racketeering, Drug–Dealing, Extortions, Money–Laundering, Crime against Humanity, Genocides, Violations of Human & Civil Rights." The appellant's 168–page complaint requested trial by "International Jury" on twenty-one "causes of action" ranging from "International Terrorism" to "Prevention to Provide Child–Family Support Establish/re-establish family." The complaint then listed a catch-all "Twenty Second–to–Thousand Causes of Action" for everything from tort claims to murder to the receipt of stolen property.

On February 21, 2003, the district court issued a *sua sponte* dismissal without prejudice of the appellant's complaint for failure to comply with Rule 8, which requires every complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach averment of a pleading be simple, concise, and direct." Fed.R.Civ.P. 8(a), 8(e). The district court allowed the appellant until March 28, 2003 to refile his complaint with a short and plain statement of his claim, noting that his failure to refile a compliant pleading would lead to the dismissal of his complaint *with prejudice.*

---

\* Judge Paul R. Michel is a judge of the United States Court of Appeals for the Federal Circuit, sitting by designation pursuant to 28 U.S.C. § 291(a).

\*\* Chief Judge Jane A. Restani is a judge of the United States Court of International Trade,

sitting by designation pursuant to 28 U.S.C. § 293(a).

\*\*\* Senior Judge John F. Keenan is a judge of the United States District Court for the Southern District of New York, sitting by designation pursuant to 28 U.S.C. § 292(d).

The appellant then filed a "Motion to Disqualify and Remove U.S. District Court Judge Rosemary Mayers Collyer and all other Defendants [sic] Judges of the U.S. District Court of [sic] D.C .... and Circuit Judges ... and Set Aside Void Order of Dismissal Fraudulently Issued to Obstruct Justice." In his motion, the appellant argued that the district court had no authority or jurisdiction to issue its February 21, 2003 Order dismissing the complaint *sua sponte*, and that the Order was therefore void. The appellant's motion also sought the disqualification of Judge Collyer and other judges on the United States District Court for the District of Columbia and the United States Court of Appeals for the District of Columbia Circuit.

The district court denied the appellant's motion in a Memorandum Opinion dated May 28, 2003. The district court also extended the time for the appellant to re-file his complaint to June 10, 2003, because his disqualification motion had been filed prior to the expiration of the court-ordered period for filing an amended complaint.

The appellant then filed a "Request Impeachment, Objection to Abuse of Judicial Power/Bench by U.S. District Judge Rosemary Meyer [sic] Collyer/RMC, Converting Court to Self and Special Interest Organized–Syndicate/Extortions, Disregard for Constitution and Laws, Openly Refusing Disqualification Motion to be Heard by Independent Judge(s), Without Jurisdiction Issuing Orders, Refusal to Provide Civilized and Human Judicious Condition to Prosecute, Perpetuating Discriminations, Retaliations and Corruptions. Same as Hitler's/Saddam's Courts." The district court treated this motion as a motion for reconsideration of its May 28, 2003 Order denying the appellant's motion, and as a renewed motion for disqualification. Because the appellant had not demonstrated an intervening change in the law, that new evidence would alter the district court's conclusions, or any error of law or fact, the district court denied the appellant's motion on June 17, 2003.

The appellant failed to file an amended complaint by June 10, 2003, and the district court dismissed his complaint with prejudice. On July 28, 2003, the appellant timely filed his Notice of Appeal with the United States Court of Appeals for the District of Columbia Circuit. Because the appellant had named all of the sitting judges of the U.S. Court of Appeals for the District of Columbia Circuit as defendants-appellees, the case was assigned to the present panel, sitting by designation. On its own motion, the court has determined that oral argument is not needed. *See* D.C. Circuit Rule 34(j). Nor is briefing in the ordinary course appropriate. The appellant has already filed a lengthy statement about the issues on appeal that we treat as his opening brief. As the appellees have not entered an appearance before this court or filed any responsive brief, the appellant is not entitled to a reply brief.

## Discussion

Though the appellant's statement of Issues to be Presented on Appeal purports to raise a large number of issues, we understand the appellant to be raising two basic issues for this court's review: (1) whether the district court abused its discretion in issuing its *sua sponte* dismissal of the appellant's complaint with prejudice; and (2) whether Judge Collyer abused her discretion in not recusing herself from this case. Because we find that the district court did not abuse its discretion in either regard, we affirm the denial of the appellant's disqualification motion and the dismissal of the appellant's case with prejudice.

## A. Dismissal Pursuant to Rule 8

■ Federal Rule of Civil Procedure 8 requires every complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach averment of a pleading be simple, concise, and direct." Fed.R.Civ.P. 8(a), 8(e)(1). As this court has stated, " '[t]aken together, Rules 8a(a) and 8(e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules' " and "enforcing these rules is largely a matter for the trial court's discretion." *Ciralsky v. Central Intelligence Agency,* 355 F.3d 661, 669 (D.C.Cir.2004) (citations omitted). Accordingly, we review a district court's dismissal of a complaint for failure to comply with Rule 8 for an abuse of discretion. *Id.* at 668.

In *Ciralsky,* the district court found the appellant's initial complaint, consisting of 119 pages and 367 numbered paragraphs, to be a "repetitive, discursive and argumentative account of the alleged wrongs suffered by the plaintiff." *Id.* at 669. The district court allowed Ciralsky twenty-one days to file an amended complaint that complied with Rule 8 and warned him that his failure to amend his complaint in that time would lead to dismissal of the case. Ciralsky amended his complaint within the specified time, but the district court found that the "amended complaint [was] still prolix and burdened with a bloated mass of unnecessary detail," and dismissed the case without prejudice. *Id.* This court discerned no abuse of the trial court's considerable discretion in such matters. *Id.* Similarly, in the case at bar, we find that the district court did not abuse its considerable discretion in striking the appellant's complaint (including a purported thousand causes of action) and allowing him an initial period of twenty-five business days (later extended to over ninety days) in which to file an amended complaint.

■ The only remaining issue is whether the district court abused its discretion in dismissing the complaint with prejudice after the appellant failed to amend his complaint by the June 10, 2003 deadline. In *Ciralsky,* this court noted that it "would be concerned had the district court reacted to the amended complaint not only by *dismissing* the action, but by dismissing it *with prejudice* as the defendants requested," as "such a dismissal would have constituted a harsh sanction." *Id.* (emphasis in original). The court noted that it was not clear that such a harsh sanction would have been appropriate in that case because Rule 8 does not require a short and plain complaint, but rather, a short and plain statement of the claim; the court noted that, though the first amended complaint did remain long, there was no dispute that Ciralsky had deleted long portions of the statement of the facts and other sections of the complaint, and that a significant portion of the remaining length was due to the sheer number of claims asserted. *Id.* at 670. Notably, the court observed that the amended complaint did not exhibit the other traits that often justify dismissal under Rule 8, i.e., failure to provide fair notice to the defendants of the claims against them or frivolity of the complaint on its face. *Id.* at 670–71; *see also McHenry v. Renne,* 84 F.3d 1172, 1177 (9th Cir.1996); *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir. 1995); *Salahuddin v. Cuomo,* 861 F.2d 40, 43 (2d Cir.1988).

Thus, this case raises the very issue that concerned this court in *Ciralsky,* though it was not presented on the facts of that case. In contrast to *Ciralsky,* however, we find that the situation at bar is precisely the situation in which dismissal with prejudice for failure to comply with Rule 8 is appropriate. Importantly, the present case is distinguishable from *Ciralsky* because the appellant in the present case

failed to even attempt to comply with Rule 8 by filing an amended complaint within the more than ninety days allowed by the court. Nor did he request appointment of counsel or extension of time. Moreover, the present case presents both of the traits identified in *Ciralsky* as justifying dismissal with prejudice: the present complaint does not provide fair notice to the defendants of the claims against them, and as pled, the complaint appears to be frivolous on its face. *McHenry*, 84 F.3d at 1177 (noting that a complaint may be struck under Rule 8 if it "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, and the judge has already issued an order for a more definite statement which order was not complied with") (quotation marks omitted); *Simmons*, 49 F.3d at 86 (noting that a Rule 8(a) dismissal is "usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised"). Even read under the liberal "notice pleading" standards of the Federal Rules of Civil Procedure and in the light most favorable to the appellant, the complaint failed to articulate either the required factual or legal bases for his requested relief. For example, the appellant's causes of action sought relief for alleged wrongs against groups of people, many of which he is not even part; other causes of action sought relief for the failure of the government to provide certain services or benefits, for which the appellant has pled no entitlement. In light of the appellant's complete refusal to cooperate, the district court had little alternative but to dismiss the complaint with prejudice; the unamended complaint was so unintelligible and likely frivolous as to make further litigation in the case virtually impossible. Accordingly, we discern no abuse of discretion in the district court's dismissal of the appellant's complaint with prejudice.

## B. Disqualification

■ We understand the appellant's second argument on appeal to be that his motion to disqualify should have been adjudicated by someone other than Judge Collyer herself, and that, in any event, Judge Collyer should have been disqualified from the present case. The appellant argues that Judge Collyer is biased because of her "political-religious connections" and her alleged loyalty to those who selected, confirmed and appointed her.

Recusal is appropriate in any proceeding in which a judge's impartiality "might reasonably be questioned," 28 U.S.C. § 455(a), or in which the judge has a "personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). The standard under section 455(a) is objective: a judge must recuse herself only if there "is a showing of an appearance of bias or prejudice sufficient to permit the average citizen reasonably to question a judge's impartiality." *United States v. Heldt*, 668 F.2d 1238, 1271 (D.C.Cir.1981). Under section 455(b)(1), bias or prejudice must "result in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). We review a district judge's decision not to recuse herself under sections 455(a) and (b)(1) for an abuse of discretion. *See United States v. Pollard*, 959 F.2d 1011, 1031 (D.C.Cir.1992) (reviewing denial of motion for disqualification under section 455(a) and (b)(1) for an abuse of discretion).

As a threshold matter, we reject the appellant's argument that the motion for disqualification was required to be heard by someone other than Judge Collyer. The transfer to another judge for decision

on a motion for disqualification under section 455 is at the district court judge's option. *See Heldt,* 668 F.2d at 1271 and n. 69 (citing *United States v. Haldeman,* 559 F.2d 31 (D.C.Cir.1976)) (en banc), in which the court held that transfer to another judge was "at most permissive" under predecessor section 455)). Here, no intelligible reason was stated why only another judge could decide the motion.

 On the merits, we discern no abuse of discretion in the district court's denial of the appellant's motion for disqualification. The appellant has alleged no facts nor cited any evidence in support of his claims that Judge Collyer was personally biased or prejudiced against him, nor any rational basis upon which her impartiality might *reasonably* be questioned. The appellant has pointed to nothing that would cause an average citizen to reasonably question Judge Collyer's impartiality, nor to anything that would suggest that Judge Collyer has formed an opinion on some basis other than her participation in this case, consisting solely of reading the appellant's complaint and motions which speak for themselves. Where, as here, the movant presents nothing but bald allegations of bias or prejudice, and the record does not reflect even the appearance of bias or prejudice, a district court's denial of a motion for disqualification is appropriate, and certainly not an abuse of discretion. *See Denardo v. Municipality of Anchorage,* 974 F.2d 1200, 1201 (9th Cir.1992) (party alleging that a judge is required to recuse himself has the burden of proving facts which justify recusal). Moreover, it is unlikely any other district judge could escape like condemnation under appellant's stated views that the very selection and appointment of a district judge constitutes unacceptable prejudice or bias.

## Conclusion

For the reasons stated above, we discern no abuse of discretion in the district court's denial of the appellant's motion for disqualification, or in the district court's *sua sponte* dismissal of this action with prejudice for failure to comply with Fed. R.Civ.P. 8 after being given more than ninety days to file an amended complaint. Accordingly, we affirm.