# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **ROBERT W. POWERS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 09-452 (RMC)** |
| ) | |
| **UNITED STATES DEPARTMENT OF** ) | |
| **JUSTICE,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM OPINION

By Order dated July 31, 2009, the Court dismissed *pro se* Plaintiff Robert W. Powers'
Complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 8 and
ordered Mr. Powers to "file an amended complaint that corrects the deficiencies addressed in this
Order" no later than August 31, 2009. *See* July 31, 2009 Order [Dkt. # 8] at 3. The Court warned
Mr. Powers that if he "fails to file a properly pleaded amended complaint by that deadline, this action
will be dismissed with prejudice and the case will be closed." *Id.* Mr. Powers timely filed his
Amended Complaint on August 21, 2009. *See* Dkt. # 9. However, Mr. Powers' Amended
Complaint suffers from the same deficiencies identified by the Court in its July 31, 2009 Order with
respect to his initial Complaint.[1] Because Mr. Powers' Amended Complaint is not properly pleaded,
it will be dismissed with prejudice and this case will be closed.

Rule 8 requires that every complaint include "a short and plain statement of the claim

---

[1] With the exception of three additional paragraphs, Mr. Powers' Amended Complaint
appears to be identical to his original Complaint.

showing that the pleader is entitled to relief" and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Federal Rule of Civil Procedure 41(b) permits the Court to dismiss an action because of the plaintiff's failure to comply with Rule 8. *See* Fed. R. Civ. P. 41(b); *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004). Dismissal under Rule 8 "'is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Ciralsky*, 355 F.3d at 670 n.9 (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

The Court has reviewed Mr. Powers' Amended Complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Like his original Complaint, Mr. Powers' Amended Complaint is rambling and largely incomprehensible, and it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Mr. Powers' Amended Complaint again names Defendants United States Department of Justice and State of Minnesota, asserts jurisdiction under the Fifth and Fourteenth Amendments to the U.S. Constitution, and seeks the appointment of a special prosecutor and $20,000,000.00 in punitive damages. *See* Dkt. # 9. Mr. Powers complains that his wife, an entity named "Ronning Enterprizes," and the State of South Dakota, none of whom is a defendant in this case, engaged in "criminal conduct" by conspiring to run a sewer line across property he was developing in South Dakota. He then complains that he was put in jail in South Dakota by his wife for no lawful reason, forced to move to Minnesota, and then jailed again in Minnesota. Believing his detentions to have

been unlawful, Mr. Powers apparently sought to initiate legal proceedings against South Dakota and Minnesota and contacted the United States Attorney for the District of Minnesota and the Minnesota Attorney General's Office seeking legal representation, but to no avail. Mr. Powers next complains that he suffered a major heart attack, incurred medical bills over $100,000.00, engaged the services of an entity named "Midland Professional Service" — not a defendant in this case — to represent him in connection with his application for Medicaid benefits, but was later denied financial assistance from Minnesota. He concludes:

> [t]hat it now appears it is the intent of the named defendants to file action against the plaintiff in South Dakota for these medical bills, and again the State of South [Dakota] and Ronning [Enterprizes] and the above-named defendants can get there [sic] wants and wish[e]s and again as before under South Dakota Law and Federal Rights in South Dakota the Plaintiff will be placed in jail with no medical need[s] which he needs until the above-named defendants the State of South Dakota and Ronning Enterprizes get what the[y] want.

Am. Compl. [Dkt. # 9] at 4.

Mr. Powers alleges that "both above-named defendants took an[] oath to uphold and enforce Constitution[al] Rights and Federal Laws for Citizens of the United States," that "said named defendants knowing[ly] and willfully and intentionally did nothing to protect the above-named plaintiff[,]" and that "both named defendants aided and abet[t]ed these criminal act[s] against the above-named plaintiff . . . ." *Id.* at 4-5. The Amended Complaint is insufficiently clear to put Defendants United States Department of Justice and State of Minnesota on notice of the claims against them, even under the liberal "notice pleading" standards of the Federal Rules, as it fails to articulate a comprehensible legal or factual basis for relief. *See Karim-Panahi v. U.S. Congress*, 105 Fed. Appx. 270, 274 (D.C. Cir. 2004) (unpublished).

For the foregoing reasons, the Court will dismiss the Amended Complaint pursuant to Rule 41 for failure to comply with Rule 8. Because Mr. Powers was given an opportunity to correct these deficiencies but failed to do so, the dismissal will be with prejudice. A memorializing Order accompanies this Memorandum Opinion.


Date: August 24, 2009                                                    /s/
                                                    ROSEMARY M. COLLYER
                                                    United States District Judge