# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 23-7144

September Term, 2024

FILED ON: NOVEMBER 13, 2024

LARRY ELLIOTT KLAYMAN,
> APPELLANT

v.

JULIA PORTER, ET AL.,
> APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:20-cv-03109)

Before: PILLARD and GARCIA, *Circuit Judges*, and GINSBURG, *Senior Circuit Judge*

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs of the parties. *See* D.C. CIR. R. 34(j). The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the district court's order be **AFFIRMED.**

\*    \*    \*

Larry Klayman moved to disqualify the district judge from the proceedings below. The district judge denied the request. Seeing no basis for recusal, we affirm.

## I

In June 2020, the D.C. Court of Appeals suspended Klayman's license to practice law in the District of Columbia. *See Klayman v. Porter*, 104 F.4th 298, 302 (D.C. Cir. 2024). The D.C. Bar's Office of Disciplinary Counsel notified other jurisdictions where Klayman was admitted to practice law of the suspension, without copying Klayman on the communications. *See id.* Klayman then filed several lawsuits against the employees who had sent the notices, alleging that they had targeted him for his political views and advocacy work. *See id.* The

1

cases were transferred to the U.S. District Court for the District of Columbia and consolidated before a single judge. *Id.* at 302–03.

The defendants moved to dismiss the actions and for a permanent pre-filing injunction. The district court granted both motions. It issued an order prohibiting Klayman from "filing, *in any federal court*, any new action, complaint, or claim for relief concerning any matter derived from [his] disciplinary proceedings which are the subject of this case [and similar actions]" without court permission. App. 5 (emphasis added). But the court's memorandum opinion seemed to go further, purporting to enjoin Klayman from filing "any new actions" in "this Court" or "any other court." App. 27–28.

In November 2022, Klayman filed another complaint against the defendants in D.C. Superior Court. *See* Complaint, *Klayman v. Sataki*, No. 2022-CAB-5235 (D.C. Super. Ct. Nov. 4, 2022). The defendants asked the district court to clarify that the pre-filing injunction applied to this complaint too (even though it was not filed in federal court) and to order Klayman to dismiss the new action.

In August 2023, the district court issued an order clarifying that the injunction covered filings in any court, not just federal court, and modified the terms of the injunction accordingly. But "in light of the ambiguity" of the initial order, the district court let Klayman's latest suit in D.C. Superior Court go forward. App. 47.

In September 2023, Klayman moved to disqualify the district judge under two federal recusal statutes, 28 U.S.C. § 455 and 28 U.S.C. § 144. The district judge denied the motion. Klayman now appeals. While this appeal was pending, we affirmed the dismissal of Klayman's claims for damages, but reversed the dismissal of his claims for injunctive relief and vacated the pre-filing injunction as insufficiently supported by the record. *See Porter*, 104 F.4th at 306, 311–13.

## II

Section 455 requires recusal if "a reasonable and informed observer would question the judge's impartiality." *United States v. Williamson*, 903 F.3d 124, 137 (D.C. Cir. 2018) (citation omitted). Section 144 requires recusal if the judge "has a personal bias or prejudice either against or in favor of a party." *Id.* (cleaned up). We review a district judge's decision not to recuse under Section 455 for abuse of discretion. *Id.* "We have not decided the appropriate standard of review" for recusal motions filed under Section 144. *Id.* No party offers argument on this issue, and "[w]e need not resolve [it] here because [Klayman's] argument for recusal fails even under de novo review." *Id.*

Klayman's recusal challenge relies on four grounds: (1) the substance of the August 2023 modification order, (2) the time it took the district judge to issue that order, (3) exchanges the two had in a hearing, and (4) Klayman's conservative views and advocacy work, including his support for President Donald Trump. None warrants recusal.

*1. The modification order.* Klayman argues that the modification order was issued "arbitrarily and capriciously," "without any basis in law or fact," and in violation of the Anti-Injunction Act. Appellant's Brief 3–4. But this assertion simply raises "legal

2

disagreements with the district judge's rulings against him, which do not afford grounds for a recusal." *Williamson*, 903 F.3d at 137; *see also Liteky v. United States*, 510 U.S. 540, 555 (1994). Nothing in the ruling suggests that the district judge "relied on something other than the evidence before him" or that his ruling "reflect[s] the kind of 'extreme' bias that could provide a basis for recusal." *SEC v. Loving Spirit Found. Inc.*, 392 F.3d 486, 493 (D.C. Cir. 2004) (citing *Liteky*, 510 U.S. at 551). Likewise, the fact that we recently vacated the order as insufficiently supported by the record does not require recusal. *See Cobell v. Kempthorne*, 455 F.3d 317, 335 (D.C. Cir. 2006) (noting that even "repeated reversals, without more, are unlikely to justify reassignment").

*2. The delay in ruling.* Klayman emphasizes that it took the district court over nine months to rule on defendants' motion and issue the modification order. He claims that this delay was "carefully calculated" to prejudice Klayman and that it evidences bias. Appellant's Brief 10. But this challenge fails because Klayman has not supported his requested inference of bias with any evidence. *See Rafferty v. NYNEX Corp.*, 60 F.3d 844, 848 (D.C. Cir 1995) (per curiam) (denying recusal motion based on "court delays in ruling on pending motions" without additional evidence of bias).

*3. Hearing comments.* At one hearing, Klayman suggested that the district judge was unprepared. Klayman argues that the district judge "took great umbrage" to these comments and developed "personal animus" toward him as a result. Appellant's Brief 12. But Klayman moved to recuse on this basis over a year after the hearing, without offering any good cause for the delay. So his recusal challenge is untimely. *See United States v. Barrett*, 111 F.3d 947, 951–53 (D.C. Cir. 1997); *Loving Spirit*, 392 F.3d at 492–93. In any event, the exchanges Klayman highlights do not require recusal. We see no reason to fault the district judge's handling of Klayman's remarks. *See Liteky*, 510 U.S. at 555–56 (holding that a judge's "expressions of impatience, dissatisfaction, annoyance, and even anger" do not establish bias). Instead, our review of the record confirms that the district judge treated Klayman "even-handedly," giving Klayman "significant latitude to make extended arguments" on the merits and giving those arguments careful consideration. *Williamson*, 903 F.3d at 137; *see* App. 43, 45–47. The district judge even partially ruled in Klayman's favor by allowing his Superior Court suit to proceed.

*4. Political views.* Finally, Klayman suggests that the district judge cannot be impartial in this case because of Klayman's conservative views and advocacy work. But Klayman did not present any evidence supporting this "bald allegation[]" of political bias below. *See Karim-Panahi v. U.S. Cong., Senate & House of Representatives*, 105 F. App'x 270, 275 (D.C. Cir. 2004) (per curiam).

On appeal, Klayman offers two new pieces of evidence: (1) the district judge's appearance on CNN in which he commented on certain statements by President Donald Trump, and (2) the district judge's rulings and comments in two sentencing matters related to the riot at the Capitol on January 6, 2021. We need not consider these new materials. They "were not part of the record before the [district] court" when it denied Klayman's motion for recusal. *United States v. West*, 392 F.3d 450, 455 n.2 (D.C. Cir. 2004); *see also* FED. R. APP. P. 10(a). And Klayman failed to mention the January 6 cases at all in his opening brief, so any challenge

based on those proceedings is forfeited. *See Al-Tamimi v. Adelson*, 916 F.3d 1, 6 (D.C. Cir. 2019).

Even if this new evidence were properly before us, nothing supports Klayman's speculation that these events affected the district judge's handling of this case. Whatever the district judge has said about President Trump, the January 6 riot, or the 2020 election does not "evidence animus against *appellant* or an inability to rule impartially on the merits of his case." *United States v. Barry*, 938 F.2d 1327, 1341 (D.C. Cir. 1991). None of these comments were about Klayman's case, Klayman himself, or President Trump's supporters generally.[1]

\* \* \*

For the foregoing reasons, the district court's denial of Klayman's motion to disqualify is affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:  /s/
Daniel J. Reidy
Deputy Clerk

---

[1] After briefing was complete in this appeal, Klayman filed two notices seeking to supplement the record with recent developments in the underlying litigation. But Klayman has not shown that supplementation is appropriate under Federal Rule of Appellate Procedure 10(e)(2), which permits supplementation when materials are "omitted from or misstated in the record by error or accident." Nor has he shown that supplementing the record "would establish beyond any doubt the proper resolution of the pending issues" or otherwise be "in the interests of justice." *Colbert v. Potter*, 471 F.3d 158, 166 (D.C. Cir. 2006) (citation omitted). In any event, we have reviewed these supplemental submissions, and if they were properly before us they would not affect our disposition of this appeal.