**162**

BEFORE: GINSBURG, BROWN, and GRIFFITH, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order of April 16, 2009, be affirmed. Appellant has waived his argument that the district court erred in dismissing his claims against the individual appellees based on his failure to effect proper service on them. *See United States v. Law,* 528 F.3d 888, 908 n. 11 (D.C.Cir.2008) (treating appellant's "argument as waived because he failed to develop it"). Furthermore, to the extent that appellant has asserted constitutional claims against the United States Tax Court, they are foreclosed by *FDIC v. Meyer,* 510 U.S. 471, 484–86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (rejecting extension of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), to suits against federal agencies). Regarding appellant's contention that the district court was biased in favor of the appellees, his allegations of bias arise merely out of adverse judicial rulings, and he has failed to show that Judge Kennedy has manifested a deep-seated favoritism or antagonism that would have rendered a fair judgment impossible. *See Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (adverse judicial rulings alone almost never constitute a valid basis for a bias or partiality motion); *Rafferty v. NYNEX Corp.,* 60 F.3d 844 (D.C.Cir.1995) (no bias shown where party failed to offer evidence to support his inferred bias from unfavorable judicial rulings and from court delays in ruling on pending motions).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

**Jerome Julius BROWN, Appellant**

v.

**Council, BARADEL, Kosmerl & Nolan and Edwin H. Staples, Appellees.**

No. 09–7106.

United States Court of Appeals, District of Columbia Circuit.

Jan. 4, 2010.

Jerome Julius Brown, Upper Marlboro, MD, pro se.

BEFORE: SENTELLE, Chief Judge, and BROWN and GRIFFITH, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court

for the District of Columbia and on the brief and appendix filed by the appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed August 28, 2009 be affirmed. The district court did not abuse its discretion by dismissing appellant's complaint without prejudice on the ground that it did not meet the requirements of Federal Rule of Civil Procedure 8(a). *See Ciralsky v. CIA,* 355 F.3d 661, 668–71 (D.C.Cir.2004). That rule requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The dismissal without prejudice allows appellant to file a new complaint that meets the requirements of Rule 8(a). *See Ciralsky,* 355 F.3d at 669–70.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

**Jerome Julius BROWN, Appellant**

v.

**UPPER MARLBORO TOWN POLICE and Fowler, Officer, Appellees.**

No. 09–7103.

United States Court of Appeals, District of Columbia Circuit.

Jan. 5, 2010.

Jerome Julius Brown, Upper Marlboro, MD, pro se.

BEFORE: SENTELLE, Chief Judge, and BROWN and GRIFFITH, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief and appendix filed by the appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed August 28, 2009 be affirmed. The district court did not abuse its discretion by dismissing appellant's complaint without prejudice on the ground that it did not meet the requirements of Federal Rule of Civil Procedure 8(a). *See Ciralsky v. CIA,* 355 F.3d 661, 668–71 (D.C.Cir.2004). That rule requires "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed.R.Civ.P. 8(a). The dismissal without prejudice allows appellant to file a new complaint that meets the requirements of Rule 8(a). *See Ciralsky,* 355 F.3d at 669–70.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.