**John T. PICKERING–GEORGE,**
Appellant

v.

**ATTORNEY GENERAL OF
the UNITED STATES,
et al., Appellees.**

No. 10–5384.

United States Court of Appeals,
District of Columbia Circuit.

Feb. 18, 2011.

John T. Pickering–George, Bronx, NY, pro se.

R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellees.

BEFORE: SENTELLE, Chief Judge, and GINSBURG and GRIFFITH, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed October 12, 2010, be affirmed. The district court did not abuse its discretion in denying as futile appellant's motion for leave to file an amended complaint. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In the memorandum opinion and order filed September 7, 2010, the district court dismissed without prejudice appellant's 145–page complaint because it did not meet the requirements of Federal Rule of Civil Procedure 8(a). *See Ciralsky v. CIA,* 355 F.3d 661, 668–71 (D.C.Cir. 2004). That rule requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a)(2). The district court correctly determined that the amended complaint, containing lists of legal terms and topics, also failed to give the defendants "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 550, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotation marks and ellipsis omitted). To comply with Rule 8(a), the complaint should identify the "circumstances, occurrences, and events" that support the claim for relief. *Id.* at 556 n. 3, 127 S.Ct. 1955 (citation omitted).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.