# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 19-7104**

**September Term, 2020**

FILED ON: DECEMBER 29, 2020

ROQUE DE LA FUENTE, "ROCKY",
    APPELLANT

ROCKY 2016 LLC,
    APPELLEE

v.

DNC SERVICES CORPORATION, DOING BUSINESS AS DEMOCRATIC NATIONAL COMMITTEE AND
DEBORAH WASSERMAN SCHULTZ,
    APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:18-cv-00336)

---

Before: MILLETT, PILLARD and KATSAS, *Circuit Judges*

## J U D G M E N T

The court considered this appeal on the record from the United States District Court and the briefs of the parties and court-appointed *amicus curiae*. *See* D.C. Cir. R. 34(j). The panel has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the appeal be **DISMISSED.**

I.

Appellant Roque "Rocky" De La Fuente, a Mexican-American entrepreneur from California, ran as a candidate in the 2016 Democratic Presidential Primary. Following his unsuccessful campaign, De La Fuente sued Appellees, the Democratic National Committee (DNC) and the DNC's then-chairperson, Deborah Wasserman Schultz. De La Fuente alleged that Defendants-Appellees discriminated and conspired against him based on his race by failing to support his campaign in violation of 42 U.S.C. §§ 1981 and 1985(3). He also alleged that

Defendants-Appellees violated District of Columbia contract law by breaching promises that caused him to pursue a costly and ultimately unsuccessful campaign.

On April 23, 2019, the district court dismissed without prejudice De La Fuente's complaint for failure to state a claim upon which relief could be granted and denied De La Fuente's motion to consolidate the action with a second case he had filed before another district court judge in the same district (April 2019 Order). The accompanying memorandum opinion acknowledged De La Fuente's *pro se* status, considered his claims under the appropriate, more lenient standard, and stated the court would "afford Mr. De La Fuente another opportunity to remedy the complaint's defects." A. 73; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted)).

On May 21, 2019, De La Fuente moved the court to alter or amend its judgment or allow him to file an amended complaint. *See* Fed. R. Civ. P. 59(e). In an order dated August 2, 2019 (August 2019 Order), the district court denied De La Fuente's Rule 59(e) motion on the ground that "a Rule 59(e) motion can be brought only after a court has issued a final judgment." A. 89. The court spelled out the non-finality of its prior order:

> This Court explicitly did not dismiss the entire action. Rather, the Court chose to dismiss only the *complaint* because it concluded that Mr. De La Fuente was "entitled to another bite at the apple," [*Id.*], in the instant action. Because the Court dismissed Mr. De La Fuente's Complaint without prejudice and did not dismiss the underlying action, there has not been a final judgment. *See Robinson-Reeder* [*v. Am. Council on Educ.*], 571 F.3d [1333] at 1338 [(D.C. Cir. 2009)].

A. 89. The court explained that its order dismissing only the complaint, and doing so without prejudice, was "akin to a grant of leave to amend under Federal Rule of Civil Procedure 15(c)," and gave plaintiff "30 days to seek leave to amend his Complaint under Federal Rule of Civil Procedure 15." A. 90-91 (quoting *Murray v. Gilmore*, 406 F.3d 708, 713 (D.C. Cir. 2005)), 86.

On September 11, 2019, De La Fuente filed this appeal from the district court's two orders: the April 2019 Order granting Appellees' motion to dismiss the complaint and the August 2019 Order denying De La Fuente's Rule 59(e) motion. We appointed an amicus curiae to address the jurisdictional question "whether the district court's orders—dismissing without prejudice appellant's complaint, denying his Federal Rule of Civil Procedure 59(e) motion, and giving appellant 30 days in which to seek leave to file an amended complaint—were or at any time became final and appealable." Order Appointing Amicus Curiae 2, ECF No. 1845980 (June 5, 2020).[1]

---

[1] The court thanks court-appointed amicus curiae, Anthony F. Shelley of Miller & Chevalier Chartered, for his excellent service to the court.

For the reasons discussed below, we dismiss the appeal for want of appellate jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

Defendants-Appellees contend that we have jurisdiction over this appeal because, in their view, the district court's dismissal order became final when De La Fuente failed to take up the court's invitation to file an amended complaint within thirty days. Despite the parties' agreement that we have jurisdiction over the appeal, "we have an independent duty to ensure that we are acting within the limits of our authority." *Attias v. Carefirst, Inc.*, 865 F.3d 620, 623 (D.C. Cir. 2017).

We have jurisdiction over "appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. Under Section 1291, "[a] decision 'is not final, ordinarily, unless it ends the litigation on the merits and leaves nothing for the district court to do but execute the judgment.'" *Dukore v. District of Columbia*, 799 F.3d 1137, 1140 (D.C. Cir. 2015) (alteration omitted) (quoting *Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 204 (1999)). "Finality under section 1291 turns on 'whether the district court intended the judgment to represent the final decision in the case.'" *N. Am. Butterfly Ass'n v. Wolf*, 977 F.3d 1244, 1253 (D.C. Cir. 2020) (quoting *Bankers Tr. Co. v. Mallis*, 435 U.S. 381, 385 n.6 (1978) (per curiam)). "For purposes of section 1291 appealability, a district court's order of dismissal with prejudice is always final; a dismissal without prejudice also may be final if it ended the case as far as the district court was concerned." *Id.* (citing *Ciralsky v. CIA*, 355 F.3d 661, 666 (D.C. Cir. 2004)).

"To decide whether an order dismissing without prejudice 'le[ft] nothing more for the [district] court to do,' making it final, or instead signaled the district court's expectation that 'the action [would] continue,' we closely examine the relevant order and its surrounding circumstances." *Id.* (quoting *Attias*, 865 F.3d at 624) (alterations in original). "Our scrutiny of a without-prejudice dismissal often focuses on whether the district court dismissed the entire 'case' or just the 'complaint.'" *Id.* "Ordinarily, when the district court dismisses the 'case,' even when it does so without prejudice to refiling, the litigation is over and the dismissal is final." *Id.* (first citing *Attias*, 865 F.3d at 623; then citing *Murray v. Gilmore*, 406 F.3d 708, 712 (D.C. Cir. 2005); and then citing *Ciralsky*, 355 F.3d at 666). A dismissal of the complaint alone, in contrast, typically signals that the district court remains in command of the case.

## III.

As noted above, in granting Appellees' Rule 12(b)(6) motion, the court stated that it "believe[d] that Mr. De La Fuente [was] entitled to another bite at the apple" and dismissed the "*complaint* without prejudice." A. 49 (emphasis added). And when it denied De La Fuente's Rule 59(e) motion, the court stressed that the earlier without-prejudice dismissal was non-final, and "a Rule 59(e) motion can be brought only after a court has issued a final judgment." A. 89. Responding to De La Fuente's expressed concern that any amended complaint would be time-barred, the court explained that "[b]ecause the April 23 Opinion was not a final judgment, the underlying action is ongoing. Thus, if any new claims relate back to the filing of the original

3

complaint, then the statute of limitations is tolled for Mr. De La Fuente's claims." A. 91. Expressing perplexity as to why De La Fuente had not amended his complaint rather than objecting to its dismissal, the district court granted De La Fuente a further thirty days within which to amend his complaint. *Id.*

Defendants-Appellees contend that the district court's without-prejudice dismissal "effectively became a dismissal of the Complaint with prejudice when De La Fuente failed to file a Rule 15(a) motion within thirty days of its August 2 Order." Appellees Br. 2. But in view of the dismissal of the complaint only, which the court expressly described as non-final, we cannot conclude based on the entire record that the district court intended its August 2019 Order to be the final judgment in the case, leaving "nothing for the district court to do but execute the judgment." *Dukore*, 799 F.3d at 1140 (alteration omitted) (quoting *Cunningham*, 527 U.S. at 204).

The language of both the April 2019 Order (dismissing the complaint without prejudice) and the August 2019 Order (denying De La Fuente's Rule 59(e) motion) shows that the district court intended only to dismiss the complaint and not finally to dispose of the entire action. *Cf. Ciralsky*, 355 F.3d at 666-68 (looking to the entire record to determine whether the district court intended its order to dismiss the entire action as opposed to just the complaint); *Murray*, 406 F.3d at 712 ("Had the court intended to dismiss the *action*, it would have done more than just remove the case from its active calendar; it might, for example, have designated the 2002 order as 'final and appealable,' as did the *Ciralsky* district court . . . . ").

This case is unlike *North American Butterfly Association*, where we held that the district court's order dismissing the entire case, followed by a minute order granting the plaintiff a fourteen-day window to amend, became final and appealable upon the expiration of the amendment period. *See* 977 F.3d at 1254. Here, in contrast, the court stated in the August 2019 Order that it would exercise its discretion to "provide Mr. De La Fuente with one final opportunity to seek leave to amend his complaint." A. 91. True, the reference to only "one final opportunity" suggests the court did not anticipate further proceedings. But neither that order nor anything else in the record reflected a determination that final judgment would be the consequence if plaintiff chose not to amend. Expiration of the thirty-day amendment period alone, without any prior or contemporaneous entry of judgment or statement of the district court's intent that final judgment be entered, does not suffice to end that court's involvement with the case. We leave to the district court to determine in the first instance when and on what terms to enter final judgment.

\* \* \*

Because neither the April 2019 Order nor the August 2019 Order constitutes a final appealable judgment, we dismiss the appeal.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(b).

4

**Per Curiam**

                       **FOR THE COURT:**
                       Mark J. Langer, Clerk

BY:   /s/
        Daniel J. Reidy
        Deputy Clerk