United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

**No. 20-7094**

**September Term, 2021**

FILED ON: NOVEMBER 23, 2021

ROBERT B. CHIPMAN,
>          APPELLANT

v.

CIGNA BEHAVIORAL HEALTH, INC., ET AL.,
>          APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cv-00456)

Before: HENDERSON and MILLETT, *Circuit Judges*, and SENTELLE, *Senior Circuit Judge*.

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of counsel. *See* FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED AND ADJUDGED** that the judgment of the district court be **AFFIRMED**.

Robert Chipman sued his employer, his health insurance plan and Cigna Behavioral Health, the administrator of his plan, under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.*, alleging that Cigna improperly denied his benefits claims for his dependent's treatment at a residential mental health facility.[1] Cigna denied the claim after it determined that the treatment was not "medically necessary" under Chipman's health insurance plan. The district court granted Cigna's motion for summary judgment because its claim-review

---

[1] The district court dismissed Chipman's employer as a party because it "appears to have played no role at all in the benefits decisions Chipman challenges." *Chipman v. Cigna Behavioral Health*, 480 F. Supp. 3d 174, 181 n.6 (D.D.C. 2020). Chipman does not challenge the dismissal on appeal.

1

process was reasonable and its decision to deny coverage for the dependent's residential mental health treatment was supported by substantial evidence. *Chipman v. Cigna Behavioral Health*, 480 F. Supp. 3d 174, 185 (D.D.C. 2020). On appeal, Chipman has forfeited any merits arguments challenging the district court's judgment and his assertion that Cigna's summary judgment filing violated a local rule is meritless. Accordingly, we affirm.

## I.

Chipman's employer sponsored and funded an ERISA-governed employee welfare benefit plan, which was administered by Cigna Behavioral Health. As the plan administrator, Cigna had discretion under the plan to determine which benefits claims involved "medically necessary" treatment, a requirement for coverage under the plan. The plan defined as "medically necessary" those services that, *inter alia*, are "required to diagnose or treat an illness . . . ; in accordance with generally accepted standards of medical practice; clinically appropriate in terms of type, frequency, extent, site and duration; not primarily for the convenience of the patient . . . ; and rendered in the least intensive setting that is appropriate for the delivery of the services."

Chipman's dependent, who received medical coverage under Chipman's plan, began experiencing mental health and behavioral problems in 2015. After participating in various programs and being admitted to several hospitals, the dependent was admitted in late 2016 to Catalyst Residential Treatment Center LLC in Utah. Apart from brief home visits, the dependent remained at Catalyst until being discharged in June 2018.

Chipman sought coverage from the health plan for his dependent's treatment at the Catalyst facility from January 2017 to June 2018. Three of Cigna's board-certified psychiatrists reviewed Chipman's claims for specified portions of the dependent's treatment at Catalyst and determined that the treatment did not meet the plan's "medical necessity" standard, as other less restrictive treatment options were available and appropriate. Chipman requested and was granted an external review of these determinations by Cigna's Independent Review Organization (IRO). The IRO's board-certified psychiatrist reached the same conclusion. *See Chipman*, 480 F. Supp. 3d at 178–79 (recounting the internal and external review processes and listing the medical records examined in arriving at the benefits-denial determination).

After the IRO upheld Cigna's denial of Chipman's benefits claims, he sued in federal district court under ERISA, which permits a plan participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," and sought payment of $168,308.70 for his dependent's residential treatment at Catalyst. 29 U.S.C. § 1132(a)(1)(B). The district court granted Cigna summary judgment because Cigna's review process was reasonable and its decision to deny coverage was supported by substantial evidence. *Chipman*, 480 F. Supp. 3d at 181–85. It concluded that Cigna "employ[ed] a sufficiently robust decision-making process" that was "multi-layered," included reviews by multiple board-certified psychiatrists, allowed Chipman "to submit additional documentation for consideration" and afforded him "the chance to seek independent

review from the IRO." *Id.* at 181. The district court added that the determination that the dependent's treatment was not medically necessary was supported by substantial evidence, as Cigna's psychiatrists "relied on a substantial subset of Dependent's daily treatment reports and periodic progress reports from Catalyst" and the IRO psychiatrist examined "a comprehensive set of Dependent's medical records from 2015 through 2017—including over a year of records from Catalyst." *Id.* at 183.

Chipman then moved for reconsideration under Federal Rule of Civil Procedure 59(e). He urged the district court to strike Cigna's summary judgment motion for purportedly failing to comply with a local rule requiring a summary judgment movant to submit a statement of material facts with its motion. The district court denied Chipman's Rule 59(e) motion because Cigna had in fact complied with the local rule. Chipman appealed.

The district court had federal-question jurisdiction pursuant to 28 U.S.C. § 1331, as the suit arose under ERISA. This court has appellate jurisdiction to review an appeal from a final order under 28 U.S.C. § 1291.

**II.**

Chipman raises two arguments on appeal. He has forfeited one and the other is without merit.

First, he contends that "the plan contains two different medical necessity standards—one for drug abuse and the other for[] mental health treatment." The district court, Chipman posits, improperly limited its focus to the dependent's mental health treatment and did not examine whether Cigna arbitrarily and capriciously failed to evaluate the dependent's drug and substance abuse treatment under the proper standard. Chipman has forfeited this argument because he did not raise it in district court. *See Chichakli v. Tillerson*, 882 F.3d 229, 234 (D.C. Cir. 2018) (an argument not raised in district court is forfeited). He did not oppose Cigna's motion for summary judgment nor did he make the argument in his Rule 59(e) motion. And neither Chipman's original complaint nor his amended complaint distinguishes between a mental health treatment claim and a drug abuse treatment claim or indicates that they form the basis of separate claims.[2]

Second, Chipman argues that Cigna's summary judgment motion failed to comply with Local Civil Rule 7(h)(1), which requires that a motion for summary judgment "be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue." D.D.C. Loc. Civ. R. 7(h)(1). This is the same argument Chipman raised in his motion for reconsideration. It is meritless. As the district court observed, Local Civil Rule 7(h)(2) states that Rule 7(h)(1) is inapplicable in cases where "judicial review is based solely on the administrative record," such as ERISA cases. D.D.C. Loc. Civ. R. 7(h)(2). Instead, the summary judgment movant need only "include a statement of facts with references to the administrative record." *Id.*

---

[2] Chipman does not challenge the district court's analysis with respect to the denial of coverage for the dependent's mental health residential treatment.

In his brief on appeal, Chipman neither cites this provision nor attempts to explain why it would not apply. As the district court rightly noted, Cigna complied with Rule 7(h)(2) by incorporating into its summary judgment motion statements of fact citing the administrative record. Chipman even concedes that the facts set forth in Cigna's motion "reference the record pages where they can be located." Accordingly, the district court did not abuse its discretion in denying Chipman's Rule 59(e) motion. *See Ciralsky v. CIA*, 355 F.3d 661, 668 (D.C. Cir. 2004) (denial of Rule 59(e) motion reviewed for abuse of discretion).

For these reasons, the judgment of the district court is affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk