*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 23-CV-0281

LOUISE E. GANT, APPELLANT,

V.

SIXTEENTH STREET HEIGHTS DEVELOPMENT, LLC, *et al*., APPELLEES.

Appeal from the Superior Court
of the District of Columbia
Civil Division
(2019-CA-002031-R(RP))

(Hon. John M. Campbell, Trial Judge)

(Submitted March 12, 2024                    Decided June 6, 2024)

*Radi Dennis* was on the brief for appellant.

*Anthony D. Dwyer* was on the brief for appellee Council of Co-Owners of Condominium 4600 Connecticut Avenue.

*Stephen O. Hessler* was on the brief for appellee Sixteenth Street Heights Development, LLC.

Before MCLEESE and DEAHL, *Associate Judges*, and WASHINGTON, *Senior Judge*.

WASHINGTON, *Senior Judge*: Appellant Louise Gant ("Appellant") claims the trial court abused its discretion in denying her motion for leave to amend and reinstate her claims and to add a third-party defendant, the law firm of Whiteford,

Taylor & Preston LLP ("WTP"). Appellant further argues that the trial court abused its discretion in granting attorney fees to Appellee, the Condominium Association, for work associated with defending against claims in the underlying quiet-title action. We affirm.

## I. Factual and Procedural Background

This appeal emanates from an April 2, 2014, action to quiet title brought by the purchaser of appellant's condominium, the Sixteenth Street Heights Development, LLC ("SSHD"), after a valid foreclosure sale. The foreclosure resulted from Appellant's failure to pay assessments on her condominium located at 4600 Connecticut Avenue, NW, Unit 211, Washington, DC 20008. The foreclosure action resulted in a default judgment being entered against Appellant. *See Gant v. 4600 Conn. Ave. Condo.*, No. 14-CV-941, Judgment at 1-2 (D.C. Feb. 25, 2015). On May 10, 2014, in response to a quiet-title action filed by SSHD, Appellant asserted numerous counterclaims against SSHD and cross-claims against the Council of Condominium Owners ("Council"). On June 4, 2014, the Council filed a motion to dismiss Appellant's cross claims. The trial court dismissed Counts I, II, and VIII but held Appellant's remaining claims in abeyance pending resolution of Appellant's motion to vacate or set aside both the default judgment and the subsequent foreclosure order and sale in the separate action. The trial court in the foreclosure action denied the motion to vacate.

Ms. Gant appealed the judgment in the foreclosure action and, on February 25, 2015, this court affirmed the trial court's decision. SSHD and the Council then moved for summary judgment in the quiet-title action on Appellant's remaining cross claims and counterclaims. The trial court granted their motions for summary judgment on February 6, 2017,[1] noting that any claims related to the default judgment or the foreclosure sale could not survive summary judgment in the Action to Quiet Title.

In affirming the trial court's order in the quiet title action, we concluded that all of Ms. Gant's cross-claims "could have and should have been raised in the 2011 action," and thus, any cross-claims in the quiet-title action were foreclosed by the doctrine of claim preclusion. *Gant v. Sixteenth St. Heights Dev. LLC*, Nos. 17-CV-199, 17-CV-473, and 17-CV-715, Mem. Op. & J. at 5 (D.C. June 11, 2019). Despite the Court's holding that res judicata applied to any challenge that Appellant might raise to the foreclosure action and sale of her condominium, Appellant filed a Motion to Reinstate and Add Claims Against Council and "To Add Whiteford, Taylor, & Preston" as a Third-Party Defendant while the case was on remand to address attorney fees. The motion asked the trial court to: (1) reinstate a cross claim for

---

[1] The Court issued an amended order on February 7, 2017, making the "housekeeping correction suggested by counsel's email," noting that counts I, II, and VIII had already been dismissed, and confirming that summary judgment was being entered in favor of Council and against Ms. Gant on all remaining counts.

injurious falsehood/slander; and (2) permit Appellant to add claims of breach of fiduciary duty, unjust enrichment, fraud, breach of good faith and fair dealing, and conversion against the Council and WTP.

On December 20, 2022, the trial court denied Appellant's motions. With regard to the cross claim alleging injurious falsehood/slander of title or Count XV, Judge Campbell found no legal basis to reinstate. Additionally, Judge Campbell found that Appellant's assertion was "wrong on the facts" because the email that Appellant referenced as allegedly misleading the court was actually an accurate reminder about the court's prior dismissal of Count VIII, which alleged a failure to make an accounting.

As for Appellant's motion to add claims from a proposed "Second Amended Answer, Cross- and Third-Party Claims," Judge Campbell denied the motion after finding that it was untimely under Super. Ct. Civ. R. 15 since that rule only permits the amendment of existing complaints.

Finally, the trial court granted the Council's Amended Motion for the Award of Legal Fees and Costs. After reviewing the detailed work logs submitted by WTP and a memorandum submitted by the Council, the trial court found that the requested fees—incurred in response to the quiet-title action only—fully complied with our

remand order. Finally, the trial court found the amount reasonable "especially considering [Appellant's] demonstrated litigiousness throughout this controversy."

This appeal followed.

### III. Analysis

Our court has already weighed in on this controversy twice. Those prior decisions provide substantial support for the trial court's judgment in this case that Appellant's claims are without merit. Appellant alleges three main errors on appeal: (1) that it was an abuse of discretion to deny the reinstatement of Appellant's claims, (2) the trial court erred in denying appellant's motion for leave to add claims and a third-party defendant, and (3) the trial court abused its discretion in granting Council's amended motion for attorneys' fees.[2]

As to the first claim, that the trial court abused its discretion in denying reinstatement of some of appellant's prior claims, we reiterate our prior ruling where

---

[2] We recognize this is not exactly the framing presented to the trial court (see above). However, we address Appellant's claims through the broad framing presented on appeal because they include the more narrow claims presented to the trial court. In her appeal, Appellant requests that we consider (1) whether the trial court abused its discretion in denying her motion for leave to amend and reinstate her claims and add a third-party defendant, (2) whether res judicata applies to her claims, (3) whether the trial court abused its discretion in awarding attorney fees, and (4) whether equal protection of the laws, equity in their administration, and manifest injustice require revisiting our decisions in 2015 and 2019. AT Br. 1.

we held that any claim relating to the foreclosure action is barred by the doctrine of claim preclusion or res judicata. *See Sixteenth St. Heights, Mem. Op. & J.* at 5. While we appreciate that Appellant feels aggrieved by the manner in which her original foreclosure case was handled, Appellant has failed to provide us with any legal support for her contention that the doctrine of claim preclusion does not bar her claims in this case, and we know of none. Thus, we discern no legal basis on which to conclude that the trial court abused its discretion in denying Appellant's motion to reinstate her prior claims after a final judgment was rendered and affirmed on appeal.

Similarly, we are satisfied that the trial court did not abuse its discretion in denying Appellant's motion for leave to amend her complaint to add new claims and parties. While Super. Ct. Civ. R. 15 permits amendments of existing complaints, Appellant's motion was denied because she failed to first seek to reopen the judgment in the foreclosure or quiet-title actions pursuant to Rule 59(e) or 60(b). Because of that failure, there was no existing complaint to amend and Appellant's motion was therefore moot. *See Ciralsky v. Cent. Intel. Agency*, 355 F.3d 661, 673 (D.C. Cir. 2004) ("[A] court cannot permit an amendment [of a complaint in a case that has been tried to judgment] unless the plaintiff 'first satisf[ies] Rule 59(e)'s more stringent standard' for setting aside that judgment"); *see also Outterbridge v. Dep't of Homeland Sec.*, 292 F. Supp. 3d 330, 333 (D.D.C. 2018) (explaining that

when considering whether to grant leave to amend a pleading after judgment has been entered under Federal Rule of Civil Procedure 15(a)(2)'s liberal standard, a court must first reopen the judgment pursuant to the more stringent Rule 59(e) or 60(b) standard for setting aside the judgment). Because Rule 15 does not permit the amendment of a complaint after final judgment without first setting aside the judgment under the more stringent standard of Rules 59(e) or 60(b), the trial court did not err in denying Appellant's motion to amend.

Finally, Appellant contends that the trial court abused its discretion in awarding the Council attorney fees because WTP is requesting fees not permitted by this Court's remand order and because the remand order instructed Council to subtract and not add fees. Reply 6, 20.[3] We disagree. First, this Court remanded this case to deny fees for all work done in connection with the foreclosure action.[4] Appellant does not challenge the trial court's compliance with that remand order regarding whether the requested fees were incurred in connection with the

---

[3] Appellant also appears to again argue that the fee award is improper because it does not take into consideration her claim that no one has filed an accounting while holding an alleged surplus and thus, ignores her contention that the Council is somehow being unjustly enriched. AT Br. 36-7; AT Reply 20. This argument was pressed in our prior MOJ and rejected.

[4] "We . . . remand for the trial court to deny fees for all work done in connection with the foreclosure action (2011 CA 8023), including the motion to vacate and the appeal." *Sixteenth St. Heights*, Mem. Op. & J. at 6.

appropriate action. Instead, she contends that the fees were not permitted because Appellees have "unclean hands" and because some of the fees are new. Reply 20. To the extent that Appellant is claiming that the new attorney fee award is unreasonable, our review is limited, because such awards are "firmly committed to the informed discretion of the trial court." *Watkins v. District of Columbia*, 944 A.2d 1077, 1084 (D.C. 2008) (internal quotation marks omitted).[5] Absent any claims to us that a specific charge was unreasonable, we defer to the lower court in finding that the ledgers were "more than adequate to support the request."[6] While the amount granted ($39,072.33) may seem excessive given the original fee petition, as noted by the lower court, this was a direct consequence of Appellant's litigiousness, rather than proof of the fees being unreasonable. We therefore see no basis for reversal.

### III. Conclusion

For the foregoing reasons, the judgment of the Superior Court is

*Affirmed.*

---

[5] *See In re Smith*, 305 A.3d 826, 841 (D.C. 2023) ("[I]t requires a very strong showing of abuse of discretion to set aside the decision of the trial court . . . to prevent squabbles over attorneys' fees from blossoming into a second major litigation." (internal citations omitted)).

[6] We also note that this court found the previous fee motion for a comparable amount ($39,554.52) adequately supported via affidavit and an itemized, detailed bill.