# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

EBONY PORTER,

       *Plaintiff*,

    v.

MACY'S JOB EMPLOYMENT CENTER,

       *Defendant*.

Civil Action No. 25-262 (SLS)

Judge Sparkle L. Sooknanan

## MEMORANDUM OPINION

Ebony Porter, proceeding pro se, sued Macy's Retail Holdings, LLC, alleging that it "violated the tenant code of the U.S. Department of Housing and Urban Development Office of Public and Indian housing choice voucher law[.]" Compl. at 11, ECF No. 1-1 (page numbers designated by CM/ECF). The Defendant moved to dismiss Ms. Porter's Complaint under Federal Rule of Civil Procedure 8(a). *See* Def.'s Mot., ECF No. 5-1. The Court agrees and dismisses the Complaint without prejudice.

In November 2024, Ms. Porter, a resident of Washington D.C., filed a Complaint in the Superior Court of the District of Columbia against Macy's Retail Holdings, LLC (improperly named as Macy's Job Employment Center). Compl. at 11. On January 29, 2025, Macy's removed the case to this District pursuant to 28 U.S.C. § 1332. Notice of Removal at 2–3, ECF No. 1. On February 5, 2025, Macy's moved to dismiss the case, arguing that Ms. Porter's Complaint "lacks [the] facts necessary to meet the pleading standard of [Federal Rule of Civil Procedure] 8(a)."

Def.'s Mot. at 1.[1] The following day, this Court directed Ms. Porter to respond to the motion by March 10, 2025, and warned that if she failed to respond, the Court might "(1) treat the Motion as conceded[]; (2) rule on the Motion based on the Defendant's arguments alone and without considering [her] arguments; or (3) dismiss [her] claims for failure to prosecute[.]" Fox/Neal Order at 1, ECF No. 6; *see also Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988). That deadline has come and gone, and Ms. Porter has not responded to the Motion to Dismiss.

Even pro se litigants must comply with the applicable Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Relevant here, Rule 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 670 (D.C. Cir. 2004). This requirement ensures that a defendant has fair notice of the claims alleged in order to file a responsive answer and prepare an adequate defense. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Courts have "unhesitatingly dismissed actions where the complaint" fails to comply with Rule 8(a), including complaints that are "confusing, ambiguous, redundant, vague and, in some respects, unintelligible." *Id.* at 499 (collecting cases).

---

[1] The Defendant's Motion states that it is seeking dismissal "pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure . . . for failure to state a claim upon which relief can be granted." *See* Def.'s Mot. at 1, ECF No. 5. But its Memorandum of Points and Authorities relies on Federal Rule of Civil Procedure 8(a). *See* Def.'s Mot. at 1–5, ECF No. 5-1. Although there is much overlap between Rule 8(a)(2) and Rule 12(b)(6), dismissal is proper under Rule 8(a)(2) when the complaint is "so confused, ambiguous, vague, or otherwise unintelligible" that a defendant cannot discern the plaintiff's claims. *Ciralsky v. CIA*, 355 F.3d 661, 670 n.9 (D.C. Cir. 2004). The Court considers the motion under Rule 8(a).

Ms. Porter's Complaint does not comply with Rule 8(a)(2). She vaguely contends that "Macy's Job Employment Center . . . violated the tenant code of the U.S. Department of Housing Urban Development [HUD] Office of Public and Indian housing choice voucher law" by "denying" her proper payment for "job training." *See* Compl. at 11. But she does not explain how HUD's "tenant code" is relevant to her "job training." *Id.* Ms. Porter also checks boxes on the Complaint cover sheet for a litany of claims including: breach of contract, discrimination, lost wages, whistleblower retaliation, wrongful termination, and violation of the Freedom of Information Act. *Id.* at 15–16. But these claims do not appear in the Complaint, and Ms. Porter alleges no facts to support them.

Ms. Porter also fails to establish how the Court can grant her requested relief. She asks the Court "to remove whatever stigma" that "den[ies] her . . . work as an undergraduate student at Macy's" and to order the Defendant "not to discriminate [against her] because of her race, sex, religion, or identity." *Id.* at 11. But Ms. Porter does not even allege any employment relationship with Macy's, and she does not explain what "stigma" she wants the Court "to remove." Without more, this is not "a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). And to the extent Ms. Porter is asserting a discrimination claim in her prayer for relief, it fails without any factual allegations whatsoever. Her Complaint does not explain how the Defendant discriminated against her or provide any other particulars—i.e., the details of any discrimination on the basis of race or religion—that would allow Macy's to formulate a response. *See Poblete v. Indymac Bank*, 657 F. Supp. 2d 86, 96 (D.D.C. 2009) ("The court or opposing party must be able to understand whether a valid claim is alleged and if so[,] what it is.") (internal quotation marks and citation omitted).

## CONCLUSION

For the foregoing reasons, the Court grants the Defendant's Motion to Dismiss, ECF No. 5, and dismisses the Complaint without prejudice.

A separate order will issue.

_____

SPARKLE L. SOOKNANAN
United States District Judge

Date:   April 1, 2025