**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AZAEL DYTHIAN PERALES,<br><br>               Plaintiff,<br><br>      v.<br><br>OFFICE OF THE CLERK OF THE UNITED STATES DISTRICT COURT, DISTRICT OF DELAWARE,<br><br>               Defendant. | Case No. 25-cv-2644 (JMC) |

**MEMORANDUM OPINION**

Pro se Plaintiff Azael Dythian Perales filed suit against the Office of the Clerk of the United States District Court for the District of Delaware. ECF 1. For the reasons discussed below, the Court **DISMISSES** the complaint for failure to comply with Federal Rule of Civil Procedure 8(a)(2).

Federal Rule of Civil Procedure 8(a)(2) requires civil complaints to include "a short and plain statement of the claim showing that the pleader is entitled to relief." It does not demand "detailed factual allegations," but it does require enough factual information "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). These procedural requirements promote fairness in litigation—Rule 8(a) is intended to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Pleadings filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But even pro se litigants must comply with the Federal Rules of Civil Procedure.

1

Perales's complaint does not satisfy these requirements. The complaint lists various criminal and civil statutes he claims that Defendant is "guilty of," but does not include any factual allegations describing what Defendant allegedly did to him. ECF 1 at 1. For example, he claims alleged violations of the Freedom of Information Act, *id.* at 2, but he never alleges that he requested records from any agency. Similarly, he describes the basis for liability under the federal racketeering statute, *id.* at 3–12 but does not identify any action that Defendant allegedly took in violation of that statute. Overall, the Court is unable to identify what harm Perales claims he has suffered, who caused him that harm, or how the law entitles him to any relief. No defendant in receipt of this complaint would know how to respond to it.

Perales's complaint is therefore dismissed for failure to comply with Rule 8(a)(2). The Court acknowledges that dismissing a case *sua sponte* is an unusual step, but the Court has the authority to do so when plaintiffs fail to comply with procedural rules. *See, e.g.*, *Brown v. WMATA*, 164 F. Supp. 3d 33, 35 (D.D.C. 2016) (dismissing a complaint *sua sponte* for failing to comply with Rule 8(a)); *Hamrick v. United States*, No. 10-cv-857, 2010 WL 3324721, at *1 (D.D.C. Aug. 24, 2010) (same); *see also Ciralsky v. CIA*, 355 F.3d 661, 668–69 (D.C. Cir. 2004) (finding no abuse of discretion where a district court dismissed a claim without prejudice for failure to comply with Rule 8(a)).

The Court will grant Perales leave to file an amended complaint that cures the existing deficiencies by March 13, 2026. If he does not file an amended complaint by that date, files another complaint that fails to comply with Rule 8, or submits a complaint that is frivolous on its face, this action may be dismissed with prejudice. *See Brown*, 164 F. Supp. 3d at 35. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: February 11, 2026